[No. 10710. Department One. March 12, 1913.]

P. K. SMITH, *Respondent*, v. A. K. ADELBERG, *Appellant*.[1]

BROKERS—COMMISSIONS — CONTRACT FOR EMPLOYMENT — PERFORM-ANCE. A broker is entitled to recover his commissions, the value of shares agreed to be given him, for finding a purchaser for 3,000 shares of stock in a corporation to be organized by the defendant, where he fully performed his agreement by finding a purchaser willing to buy the stock, but the project fell through solely because of defendant's misrepresentations as to the commissions he would make out of the enterprise, and as to the number of subscribers necessary to form the syndicate, and the value of the land.

Appeal from a judgment of the superior court for King county, Everett Smith, J., entered May 25, 1912, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Charles D. Fullen* and *Jas. G. Raley*, for appellant.

*H. R. Clise* and *C. K. Poe*, for respondent.

GOSE, J.—This appeal involves two questions: (1) Are the findings of fact supported by the evidence, and (2) does the evidence justify the judgment as a matter of law. The material facts found are, that the appellant employed the respondent to secure subscribers to a syndicate then in process of organization, for the purpose of purchasing about 13,000 acres of land, situated in the state of Montana, at the price of $9.50 per share; that he agreed to give

[1]Reported in 130 Pac. 494.

the respondent one hundred shares in the syndicate, or its equivalent in money, if he would secure a subscriber for three thousand shares; that he represented to the respondent that he had *bona fide* subscribers for all of the remaining shares; that he had an option to purchase the land at $9.50 per acre; that the land was reasonably worth fourteen or fifteen dollars per acre; that, relying on these representations, the respondent introduced the appellant to one Kerry, whom they jointly induced to subscribe for the three thousand shares; that Kerry was at all times ready, willing, and able to pay for such shares; that, as an inducement to Kerry to subscribe, the appellant misrepresented the facts to the respondent and to Kerry in this, that he did not have *bona fide* subscribers for the balance of the shares, and in the further particular that he had an option on the land at $6.50 per acre, and intended to wrongfully make a secret profit upon the purchase of the land, which fact was unknown to the respondent and Kerry; that, by reason of the fact that the appellant did not have *bona fide* subscribers for the remainder of such shares and because of the other misrepresentations set forth, the enterprise failed of consummation; that, had the appellant's representations been true, the syndicate would have been organized and Kerry would have paid for the shares which he subscribed, and that the reasonable value of one hundred shares is $950. The conclusion of law deduced was that the respondent was entitled to a judgment against the appellant for $950, together with his costs, and a judgment was entered accordingly.

These findings are abundantly supported by the evidence. The plan proposed was that each share of stock should represent one acre of land. The testimony shows that the appellant was to give the respondent one hundred shares of stock in a corporation to be organized by the former, or to give him its equivalent in money. The appellant represented that his commission on the basis proposed would be $3,000, whilst the testimony shows that it would have been about

$30,000. It further appears from the testimony that the appellant represented to the respondent that the 3,000 shares subscribed by Kerry at the instance of the respondent would complete the stock subscription, and that Kerry was ready, able, and willing to pay his subscription if the appellant's representations had been found true. The respondent had no employment other than to secure a subscription of three thousand shares. There was no arrangement whereby he was to be a party to the organization of the corporation. The duty of organizing the corporation and issuing the one hundred shares of its stock to the respondent, or paying him its equivalent in money, was devolved by the transaction upon the appellant alone. The enterprise failed of consummation because he did not have the *bona fide* subscribers which he represented to have, and because of his misrepresentations as to the commission he would make out of the enterprise and as to the value of the land. The respondent did all that he was required to do when he had procured the subscription. The enterprise failed, not because of anything the respondent failed to do, but solely in consequence of the misrepresentations of the appellant.

The appellant relies upon the recent case of *Watson v. Bayliss*, 71 Wash. 499, 128 Pac. 1061. The two cases have nothing in common. In that case it was alleged that the plaintiff and the defendant agreed to organize a corporation for the purpose of carrying out a certain business enterprise; and we held that, under the allegations of the complaint and the proof submitted in support thereof, there was no meeting of minds upon the substantial features of the corporation.

The judgment is affirmed.

CROW, C. J., MOUNT, and PARKER, JJ., concur.