HUTCHINS AND COMPANY, A CORPORATION, *Plaintiff in Error,* v. F. E. SHERMAN, *Defendant in Error.*

Opinion Filed August 3rd, 1921.

1. Where a real estate broker procures a customer willing, ready and able to purchase property offered for sale according to the terms of the offer and the transaction is defeated on account of some fault of the principal, the broker is entitled to his commission although the sale is not consummated.

2. Absolute precision and technical nicety of expression in instruction to the juries are not required.

3. If instructions to juries contain correct declarations of the legal principles involved and fairly and reasonably present the issues made by the pleadings and presented by the evidence and the law applicable thereto, they are sufficient.

4. It is not error for the court to refuse to give requested instructions which are substantially covered by charges which are given.

A Writ of Error to the Circuit Court for Orange County; C. O. Andrews, Judge.

Affirmed.

*Dickinson & Dickinson,* for Plaintiff in Error;

*Graham & Sherman,* for Defendant in Error.

WEST, J.—By this action the plaintiff, plaintiff in error here, seeks to recover commissions as compensation agreed to be paid to it by defendant for procuring a purchaser willing, ready and able to buy certain real estate, together

with household furnishings and farm implements on the place offered for sale by defendant. Upon a trial the verdict was for defendant. To review the judgment entered plaintiff took writ of error.

The principal contention is that the Court erred in giving certain instructions to the jury and refusing to give other instructions requested by plaintiff.

It appears that plaintiff's customer, the purchaser, had inspected the property proposed to be sold and that the purchase price and terms of sale had been agreed upon, but when the purchaser went out to consummate the transaction he found, so it is said, that the owner had removed or stored and was attempting to reserve and withhold from the sale certain property originally included in the offer to sell, whereupon the purchaser refused to accept the property tendered and declined further negotiations with respect to its purchase. This was denied by the owner, thus presenting an issue of fact.

The authorities uniformly hold to the effect that where a broker procures a customer willing, ready and able to purchase property offered for sale according to the terms of the offer and the transaction is defeated on account of some fault of the principal, the broker is entitled to his commission although the transaction is not consummated. 9 C. J. 623; Camp Lbr. Co. *et al.* v. Tedder, 78 Fla. 183, 82 South. Rep. 865; Dotson v. Milliken, 209 U. S. 237, 28 Sup. Ct. Rep. 489, 52 L. Ed. 763; Schweidt v. Storandt, 143 N. Y. Supp. 161; Beamer v. Stuber, 164 Ia. 309, 145 N. W. Rep. 936; Church v. Dunham, 14 Ida. 776, 96 Pac. Rep. 203; Smith v. Adelberg, 72 Wash. 434, 130 Pac. Rep. 494; Realty Bonds & Finance Co. v. Point Richmond C. & L. Co., 171 Cal. 238, 152 Pac. Rep. 433; Richardson

v. Olanthe Milling, etc., Co., 164 Ala. 411, 52 South. Rep. 659, 140 Am. St. Rep. 45.

The charge requested and refused is as follows: "The Court charges you that if you find from a preponderance of the evidence in this case that when the proposed purchaser, J. R. Squires, went out to take an inventory and close up the deal, that articles which were to go with the place and had been exhibited as going with the place had been removed or reserved, it was not incumbent upon the proposed purchaser to make objection to the defendant, but he had a perfect right to make his objection through the agent, or broker, and decline to accept the place if not tendered to him as agreed upon and such refusal based on such matter would be justified and would be no grounds as a matter of law to bar the plaintiff from recovering its commission, if you find from a preponderance of the evidence that plaintiff carried out its part of the agreement in the production of the customer."

The pertinent portion of the charge given by the Court upon this point is as follows: "If you find from the evidence in this case that the purchaser, J. R. Squires was produced, that he inspected the property prior to the coming to close the deal, and that at the time he appeared at the property to inspect it to close the deal that some of the property had been packed up, put into the closet or put in the storage room, and you find from the evidence that such property was personal effects and that Mr. Squires refused to take the property which constituted such because of its being packed up and stored and pointed to as reserved personal effects, and that he broke off relations with the owner without giving the owner any opportunity to explain or point out what was reserved or stored to be kept as personal effects, then you will consider

whether or not from the evidence the purchaser was ready, able and willing to buy the property according to the terms of the contract. If you find from the evidence that the defendant, Mr. F. E. Sherman, was ready at all times to consummate the contract upon the terms agreed upon on such terms as were reasonably to be deducted from the circumstances as you find them, you will find for the defendant.''

The instruction given may not have been stated with the precision and accuracy of expression that the Court would have employed if time had been available for its preparation, but this is often impracticable with a trial court engaged in the trial of cases where juries are instructed orally immediately after the evidence has been offered and arguments of counsel made. Absolute precision and technical nicety of expression are not required. If instructions contain correct declarations of the legal principles involved and fairly and reasonably present for the consideration of the jury the issues made by the pleadings and presented by the evidence and the law applicable thereto, they are sufficient. Geo. E. Wood Lbr. Co. v. Gipson, 63 Fla. 316, 58 South. Rep. 364; Coweta County v. Central of Georgia Ry. Co., 4 Ga. App. 94, 60 S. E. Rep. 1018; Eckels v. Cooper, 136 Ill. App. 60; Thompson v. Thompson, 9 Ind. 323, 68 Am. Dec. 638; Brown v. West Riverside Coal Co., 143 Ia. 662, 120 N. E. Rep. 732.

The applicable principle of law being conceded, the case turns upon questions of fact. That is all there is to the case. Two questions of fact were presented for determination by the jury, namely, first, whether plaintiff had procured a purchaser who was willing, ready and able to purchase the property offered for sale according to the terms of the contract, and second, whether the owner attempted

to reserve and withhold from the sale certain property originally included in the offer to sell and thus prevented the consummation of the transaction. These questions were submitted to the jury by the instruction given, and this being true, it was unnecessary to give the instruction requested under the doctrine that it is not error for the trial court to refuse to give requested instructions which are substantially covered by charges which the court has given. Howard v. State, 78 Fla. 413, 83 South. Rep. 297; Long v. State, 78 Fla. 465, 83 South. Rep. 293; Hall v. State, 78 Fla. 420, 83 South. Rep. 513, Russell v. State, 78 Fla. 223, 82 South. Rep. 805; Miller v. State, 76 Fla. 521, 80 South. Rep. 314; Hawthorne v. State, 72 Fla. 524, 73 South. Rep. 590; Hoskins v. State, 70 Fla. 186, 69 South. Rep. 701.

Other questions presented are subordinate to that which we have discussed. Having determined that the quoted charge given by the Court fairly submitted the questions presented, further discussion is unnecessary.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS,. J J., concur.