No. 16,022.

HAIGLER *v.* INGLE

(200 P. [2d] 913)

Decided December 13, 1948.   Rehearing denied December 29, 1948.

*Error to the District Court of El Paso County,*
*Hon. John M. Meikle, Judge.*

Messrs. FOARD BROTHERS, for plaintiff in error.

Messrs. STRACHAN, HORN & ANDERSON, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

ARTHUR W. HAIGLER, plaintiff in error here and who was plaintiff below, brought an action against C. N.

Ingle to recover judgment for $7,500 allegedly due him for services as a real-estate broker. After the filing of the complaint and an amendment thereto and answer, defendant moved for either judgment on the pleadings or for summary judgment, which motion was granted and judgment of dismissal entered, to review which plaintiff has brought the case here by writ of error.

In the complaint it is alleged, and in the answer admitted, that plaintiff is, and at all times mentioned in the complaint was, a real-estate broker and that defendant was the owner of approximately 16,720 acres of land in El Paso county, Colorado, a part of which lands were acquired through eminent domain proceedings for the use of the United States in its construction of a camp, and for such lands so acquired the Government paid defendant $150,000. June 2, 1941, defendant executed and delivered to plaintiff the following letter:

"Colorado Springs, Colorado
June 2, 1941

"The Haigler Realty Company
408 Exchange National Bank Building
Colorado Springs, Colorado
Gentlemen:

"I hereby grant you the right to sell to the City of Colorado Springs or the United States Government my ranch properties situated in Townships 15 and 16, Ranges 66 and 67, El Paso County, Colorado, and containing approximately 16,720 acres, more or less, known as the Mary-Helen, Charter Oak, Cunningham and other lands which I own, together with the assignment of State leases which I own adjoining said lands.

"I agree to pay you a commission of 5% on the price which I receive for the property.

"Yours very truly,
C. N. Ingle."

The original complaint was based on the above communication. Thereafter an amended complaint was filed

whereby plaintiff sought to recover for services which plaintiff as a real-estate broker rendered to defendant at his special instance and request, which services were alleged to be of the reasonable value of $7,500.

The fifth paragraph of the complaint reads:

"V.

"That through the efforts, instrumentality and agency of Plaintiff, under his contract of employment, the United States Government purchased and acquired title to said lands and premises of Defendant, along with other lands adjacent to and in connection with Camp Carson located south of Colorado Springs, in El Paso County, Colorado, and that the legal fee simple title to said lands and premises passed from Defendant to the United States Government under a certain decree of the District Court of the United States for the District of Colorado, on or about the 7th day of July, 1942, said decree recorded in Book 985 at page 336 of the records of El Paso County, Colorado, together with an amendment to said decree entered in said court on July 15, 1942 and recorded in Book 985 at page 502 of the records of El Paso County, Colorado on July 17, 1942."

After defendant's various motions were heard and overruled, defendant answered, alleging that through proceedings in eminent domain begun in the United States District Court for the district of Colorado title to part of the lands owned by defendant were acquired by the United States, for which lands defendant received the sum of $150,000, and denied any indebtedness whatever to plaintiff.

In defendant's answer, and particularly with reference to the allegations of paragraph V above quoted, is the following: "Answering paragraph V of said complaint, this defendant denies that the United States Government purchased and acquired title to said lands and premises through the efforts, instrumentality and agency of the plaintiff, but admits that the legal fee simple title to said lands and premises passed from the defendant

to the United States Government under a certain decree of the District Court of the United States for the District of Colorado, as amended, as alleged in said paragraph V of plaintiff's complaint, and that said decree was entered in a suit in said Court brought by the United States Government under its powers of eminent domain."

The motion for judgment on the pleadings or summary judgment was heard on May 26 and taken under advisement until "stipulation is filed."

Thereafter, and on the dates indicated, there were filed in the district court the following documents: Affidavit of C. B. Horn, dated June 20, 1947, and filed in the office of the clerk of the district court June 20, 1947. Certified copy of decree of declaration of taking dated July 7, 1942. Amendment to the decree entered upon the declaration of taking dated July 15, 1943, and filed in the district court on June 20, 1947. The record discloses no objections interposed by plaintiff to the filing of the above and the consideration thereof by the court, and no counter affidavits were presented.

July 7, 1947, an order was entered, sustaining defendant's motion for judgment on the pleadings or for summary judgment, and the action dismissed with judgment for defendant for his costs.

█ It is wholly immaterial whether the trial court considered the judgment of dismissal proper under the provisions of rule 12 C(c) or rule 56 C(c), R.C.P. Colo., if defendant was entitled to judgment under either thereof.

█ In plaintiff's brief it is said, with commendable frankness, that the real question for determination here is, "Did condemnation constitute sale entitling broker to commission?" In *Wilson v. Ross Investment Co.*, 116 Colo. 249, 180 P. (2d) 226, 170 A.L.R., 1410, a very similar, if not identical, question was presented, and therein we held adversely to plaintiff's contention here. We there ruled that where title to lands is acquired in eminent domain proceedings, this does not constitute a sale

such as would ordinarily entitle a broker, with whom the lands were listed for sale, to a commission under his contract of listing.

We believe that the decision in *Wilson v. Ross Investment Co., supra,* is controlling here; accordingly, the judgment is affirmed.

MR. JUSTICE STONE does not participate.