## DOOLY v. EMBRY-RIDDLE CO.

Circuit Court, Dade County, Civil Appeal.
August 29, 1952.

Dixon, DeJarnette & Bradford, Miami, for appellant.

Hunt, Salley & Roman, Miami, for appellee.

CHARLES A. CARROLL, Circuit Judge.

The plaintiff broker declared on a contract to recover a commission arising from renewal of an office space lease in defendant's building by a tenant which the broker had previously procured.

Plaintiff's theory was that by contract plaintiff would be entitled to a commission for procuring tenants and also (on a reduced basis) entitled to a commission for any renewals which the tenants might make by election (even though the broker had nothing to do with the renewal).

The defendant, through its pleas, contended that the contract with the broker did not so provide, and that a provision to that effect added to the contract later was without any consideration, and, therefore, that the agreement for commissions on renewals was without consideration, and it was also contended that there was no renewal because the tenant insisted upon giving up some of the space, and on getting some new or different space.

The file indicates that such pleas were filed and stricken and re-filed and stricken several times. The final go round was by filing them under the heading of second amended additional pleas on May 1, 1951, addressed to counts 3 and 4 of the declaration. In paragraph 1 of each of those final additional pleas the challenge of the contract and the claim of failure of consideration was set out, and in paragraph 2 there were set out the changes in the tenant's lease upon its renewal or extension.

The court, in a single order, struck the pleas and held that in the absence of any pleas to said counts the plaintiff was entitled to judgment, and awarded a judgment in the principal amount of $1,440 (with certain interest and costs)—being the amount claimed for commission under plaintiff's theory of a contract for a renewal of a lease by the tenant. The appeal is from that order and judgment.

It seems that the building involved is an office building known as the Aviation Building, and that National Airlines was the tenant in question. The broker secured the tenant at the outset—he did not negotiate the extension or renewal. His

claim to a commission on the "renewal" is based on a contract provision for the broker to become entitled to a commission automatically if such a tenant (given by lease the right to extend or renew on election) renews its lease, even without the broker having anything to do with the renewal.

On the point of failure of consideration, as pleaded by the defendant, it has not been demonstrated that the lower court was in error in striking that defense. A construction by the trial court that the contract initially covered the renewal commission feature would not be disturbed. Or it may be that the trial court gave importance to the later promise on the point, and viewed it not as a new promise without consideration, but as a change in brokerage or "listing" terms which would apply to future cases handled by the broker, which view would not be unsound. So to the extent and degree to which there was a renewal or extension of the original lease, by continued occupancy of the same space covered by the first lease, and according to the same terms, without substantial or material changes in terms, the broker would be entitled to recover fractionally or proportionately.

But it was error for the lower court to strike the pleas which defended on the ground that before they would renew or as a condition of extension or renewal the tenant, National Airlines, returned part of their rented space on the fourth floor and acquired other and different space of more value on the first floor, and required and caused a change to be made in the total rental to be paid, and, I believe, alleging or indicating certain other changes.

Those pleas disclosed that to some degree the lease was not a renewal of the original lease, but that in part the new arrangement or "lease" was the result of a negotiation between the owner and the tenant for something different from that which the tenant had or enjoyed under the original lease. To the extent that it was a new and different deal in which the broker performed no service, and since a commission upon renewal of the original lease would apply only for an extension and continuation of the original lease (and not for some other lease or on some other space) it was necessary that the case should proceed to trial to determine how much or what proportion of the new set-up was controlled by the broker's contract for commission (by being a true or automatic renewal) and how much or what degree of it was controlled and

brought about by the new negotiations and was, therefore, the result of a new lease arrangement between the tenant and the owner.

Accordingly, the judgment appealed from is reversed and the case is remanded for further proceedings not inconsistent with the foregoing opinion.