83 So.2d 881 (1955)
Sanford KAY and 1954 Motel, Inc., a Florida corporation, Appellants,
v.
Bernard SPERLING and Fred Schneider, d/b/a Fred Schneider & Co., Appellees.
Supreme Court of Florida. Special Division A.
December 14, 1955.
Rehearing Denied January 6, 1956.
Sibley & Davis and Milton E. Grusmark, Miami Beach, for appellants.
Berman & McClosky, Miami Beach, for appellees.
HOBSON, Justice.
This is an appeal by defendants from judgment of the circuit court on a directed verdict for plaintiffs for a real estate commission in the amount of $10,000. After testimony was taken the trial court was of the view that there was no issue of fact presented and that the plaintiff real estate brokers were entitled to their commission as a matter of law. Appellants contend that this ruling was error and that the facts clearly indicate the opposite result. *882 We shall first give a summary of the transactions upon which the suit was based.
In July of 1953, the plaintiff brokers represented clients who desired to lease motel property. The brokers contacted defendants (appellants here) who own two motels located in Dade County. It was suggested that defendants might build a third motel and lease it to the plaintiffs' clients. On August 13, 1953, the parties entered an agreement, reducing to writing their understanding of the proposal on that date. This written agreement, attached to the complaint as Exhibit A, took the form of a letter to Julius Friedman, attorney for defendants and prospective lessors, and it was signed by Melvin Rubel, the prospective lessee, who was the client of the plaintiff brokers. A check in the sum of $5,000 was stated to be tendered Friedman as escrow agent. After outlining various proposed terms, the letter continued as follows:
"This proposal is with the understanding that the written lease, together with the plans and specifications, shall be submitted to me and shall be approved by me, excepting, however, that if the lessor shall not accept this offer if and when the lease, plans and specifications have been submitted within 10 days thereafter, then this offer shall be null and void and the deposit herewith made shall be returned to me without any obligation or liability on the part of each to the other. This offer may not be revoked or canceled by me until the plans and specifications and lease have been submitted to me, provided, however, that the said plans and specifications and lease must be submitted to me within 30 days from date hereof." (Emphasis supplied.)
The arrangements were accepted by the prospective lessors and their attorney, who acknowledged receipt of the deposit. Most significant of all was the concluding paragraph of this exhibit, which was signed by the brokers and reads as follows:
"The brokers hereby acknowledge that this is only a proposal and that unless and until a deal is consummated, the contemplated lessor is not obligated for any commission, and in that event, commission in the sum of $10,000.00 shall be paid and accepted, as follows: $7,000.00 cash upon consummation of the transaction and $1,000.00 per year commencing one year after date of consummation of the transaction until the entire sum of $10,000.00 shall have been paid provided, however, that if the lessee shall default during the period of installment payments the next ensuing installment payments after default shall be cancelled." (Emphasis supplied.)
After the agreement of August 13, 1953, negotiations continued between the parties in an effort to complete the arrangements. A proposed lease was drafted by the attorney for the prospective lessees, but it was never signed. On October 13, 1953, the attorney for the prospective lessees wrote to the escrow agent as follows:
"In connection with the escrow letter dated August 13, 1953, between Melvin Rubel, Sanford Kay, Julius Friedman and Fred Schneider & Co., wherein and whereby Melvin Rubel did deposit with you, as escrow agent, the sum of $5,000.00 pursuant to the terms set forth in said letter, and particularly with reference to the building and leasing of a motel in Sunny Isles, Florida, by Sanford Kay, the undersigned herewith make request for the return of the said sum of $5,000.00 forthwith. The said escrow arrangements are being canceled in view of the fact that the time limit of thirty days set forth in said escrow arrangements has long since expired and no definite, concrete arrangements by way of agreement for lease and lease have been agreed upon, reduced to writing and executed by the parties.

"This request is being joined in by Melvin Rubel, for the purpose of authorizing *883 you to make return of this escrow fund.
"In view of the fact that the letter of escrow is quite clear, and further in view of the fact that you, as escrow agent, are fully cognizant of the fact that none of the terms of said escrow arrangements have been complied with, and that the time limit has long since passed, it is my suggestion and request that you return the money forthwith and there is absolutely no necessity for any delay for the purpose of obtaining release of any of the other parties to the said escrow arrangements." (Emphasis supplied.)
The prospective lessors accepted this cancellation of the agreement and directed the escrow agent to return the deposit, as he did. The complaint in this action was filed by the brokers on October 16, 1953, demanding payment of the commission in full.
From the foregoing it appears without question that no liability for brokers' commission was to accrue unless and until a deal was "consummated". The contemplated "deal" was the entry of a lease. In fact no lease was entered, and the attorney for the brokers' client had stated that no concrete arrangements by way of agreement for lease had been agreed upon. We can attach no real significance to the fact that a proposed lease was prepared, for obviously the proposal was not accepted. The word "consummated" is defined in Black's Law Dictionary, 3d Ed., as "to finish by completing what was intended; bring or carry to utmost point or degree; carry or bring to completion; finish; perfect; achieve. (Citations.)" Webster gives an almost identical definition. Moreover, from reviewing the testimony, we cannot doubt that the actual completion of a legally effective lease was intended by the parties to be a condition precedent to liability for a commission.
A further important factor in the case is that the clients of the brokers demanded the return of the escrow deposit and in effect were the moving parties in cancelling the entire transaction. Their clients having elected this course of action, the brokers can hardly maintain the position which they press as appellees here in charging that appellants were responsible for the failure to enter a "deal". They further charge that appellants "wrongfully" refused to enter the lease, but this is not borne out by the record. As far as the brokers were concerned, appellants were completely within their rights to refuse to enter the proposed lease.
In the leading case of Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011, we emphasized the importance of a contract in transactions involving real estate brokers, and held that a broker would be paid only upon the happening of the event prescribed in the agreement. The contract in the instant case is clear and unambiguous, and controls the rights, of the parties absolutely.
Appellees rely upon Hart v. Pierce, 98 Fla. 1087, 125 So. 243; Walker & McClelland v. Chancey, 96 Fla. 82, 117 So. 705; Perper v. Edell, 160 Fla. 477, 35 So.2d 387; Lyne v. Warriner, Fla., 44 So.2d 811; Livingstone v. Malever, 103 Fla. 200, 137 So. 113; Davis v. Battle, 132 Fla. 240, 182 So. 243, 117 A.L.R. 742; Hutchins & Co. v. Sherman, 82 Fla. 167, 89 So. 430; and Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876. In none of these cases had the party sought to be held liable for the commission protected itself with a provision similar to that embodied in the contract in the case at bar. None of these cases holds that a broker can recover in the face of a specific contract to the contrary. Particularly relied upon by appellees is Lyne v. Warriner, supra, 44 So.2d 811. In that case the plaintiff, a real estate broker, had sued for a commission for procuring lessees ready, able and willing to enter a lease. The agreement upon which the broker sued was oral, and there was a conflict of testimony regarding the nature of the agreement, which was resolved by the jury in favor of the broker, who was permitted to recover. Thus the broker was able to prove the contract and that she had acted in accordance *884 with it, i.e., that she had produced a lessee ready, able and willing to enter the lease on the agreed terms, although the prospective lessor, her client, had refused to sign the lease. We held that no error had been shown in the proceedings below. That is hardly the case here, where an unambiguous contract has been reduced to writing and, as the trial court stated, there is no real issue of fact.
It follows that the judgment appealed from must be, and it is hereby, reversed and the cause remanded with directions to the trial court to enter judgment for defendants.
The motion of appellees to strike the reply brief of appellants for not having been timely filed is granted and the brief ordered stricken. The reply brief has not been considered on this appeal.
Reversed with directions.
DREW, C.J., and TERRELL and O'CONNELL, JJ., concur.