HOBSON, Justice.
Plaintiff prosecutes this appeal from an order of the circuit court dismissing his amended complaint with prejudice and without leave to amend, on motion of the defendant. The facts alleged in the amended complaint and exhibits attached thereto may be summarized as follows:
Plaintiff is a real estate broker who employed a salesman, one Zurflieh. Defendant owned property in Pinellas County. On January 28, 1955, defendant wrote to the plaintiff, his letter stating in part:
“I am offering this 20J4 A. at $66,-000 basis 29% cash and the balance on terms of 4 equal yearly payments. 5% interest. The above price includes realtors commission of 6%. Price quoted is subject to change or prior sale.”
Thereafter, Zurflieh made contacts with various prospective buyers, including officers of Flory and Tipton, Inc., a Florida corporation. On March 3, 1955, Zurflieh wrote to the defendant stating in part as follows:
“I have consistently worked on the sale of this property and have spent a good many days trying to sell it. I am of the opinion that it may sell for the price of $66,000.00, however, most everyone considers this high. ******
“I believe that the best way to sell the property is to have the zoning changed, to have a plat plan accepted by the City Planning Board, and to have a street and drainage plan approved by the city engineers. All of this entails a lot of work and time for someone. I am willing to undertake this work and provide the above plans for platting, streets and drainage, as well as zoning change, provided you will extend to us a ninety-day exclusive sales agreement. It will probably take 60 days to accomplish this work but with these figures and plans available I believe the property is readily saleable. We would, of course, expect 10% on the sale price as a sales commission.”
*612 The complaint continues: “Plaintiff alleges that defendant has never objected to said ten (10%) per cent quoted commission basis.” More significantly, there is no allegation in the complaint that defendant ever accepted the “10% commission basis.”
In July of 1955 Zurflieh terminated his employment with the plaintiff, became employed by a real estate broker named Fuller, and so informed the defendant. Zurflieh said in a letter to the defendant:
“As Mr. Fuller does not have a listing on your twenty acres at 4th Street and Pinellas Point Drive, would you please, in the form of a letter, give me a listing?
“I am still working with Flory and Tipton and should a sale be made to them it would go through John B. Green’s office. I have two new prospects for your property. If a sale should be made to either of these the sale would be made through Walter P. Fuller.
“I should very much appreciate your advising me at once if you sell this property.”
On August 24, 1955, Zurflieh obtained from Flory and Tipton, Inc., an offer to purchase the property for $66,000, but on terms different from those embodied in defendant’s original letter of January 28, 1955. This document was sent to defendant and rejected in a letter from defendant’s attorney dated September 22, 1955. In this letter the attorney made the following statement:
“With these plans being considered, this is to advise you that Mr. Bruns is withdrawing all previous offers and at this time is not interested in the proposal set forth in your contract which I enclose herewith and return to you.
“Mr. Bruns plans to be in Florida within the next two weeks and is looking forward to discussing this matter further with you at that time. He appreciates sincerely your interest in this real estate.”
The complaint continues, alleging that in early October of 1955, defendant “withdrew any prior revocation of plaintiff’s authority to represent defendant in the sale of said property” because defendant advised Zurflieh of his continued interest in selling the property, whereupon the plaintiff told Mr. Flory, a principal stockholder in Flory and Tipton, Inc., of defendant’s “continued interest to sell.” Flory told plaintiff that the corporation wanted to buy the property if suitable terms could be arranged. Plaintiff asked defendant to accompany him for further discussion with the “principals” of the corporation, but defendant said he would personally meet with them for further discussions, as he did. Late in October, 1955, defendant returned to his home in Iowa and continued negotiations with Flory and Tipton, Inc.
Plaintiff was advised in December, 1955, that defendant had contracted to sell the property to Flory and Tipton, Inc., for $115,000. Title to the property was taken in the name of Harbor View Corp., of which E. S. Flory and Lowell Tipton are principal stockholders and directors.
The remainder of the complaint states the conclusion that plaintiff’s efforts were the procuring cause of the sale and that the plaintiff is entitled to receive a 10% brokerage commission, for which he sues.
The circuit judge dismissed the amended complaint upon the ground that the action was barred by § 475.42, Florida Statutes, F.S.A., which provides, inter alia, that no real estate salesman shall operate for any person not registered as his employer. It is contended that this was erx-or, but, by a familiar principle, if the action of the circuit judge was justified *613 upon other grounds the judgment must be affirmed. State v. Florida Real Estate Commission, Fla., 99 So.2d 582; Jaffe v. Endure-A-Life Time Awning Sales, Fla., 98 So.2d 77.
The complaint demonstrates that defendant offered to list his property with the plaintiff upon concrete terms. For compliance with these terms, the broker was to receive a commission of 6%. So far as appears from the complaint, these terms were never modified until the property was sold at a much higher price than that originally asked. The counteroffer, which involved a 10% broker’s commission, was never accepted by the seller. Plaintiff seemed to admit that the letter of September 22, .1955, from defendant’s attorney, was effective to revoke any previous agreement between the parties (as indeed it was) when he alleged that defendant later “withdrew any prior revocation of plaintiff’s authority to represent defendant in the sale of said property.” But after the revocation of the previous offer to list the property on terms certain, the complaint is innocent of any allegation which would be sufficient, if proved, to render the defendant liable for a broker’s commission in any amount. The vague function which plaintiff or his salesman allegedly performed could not have been the procuring cause of the sale, and the rule of Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876, relied upon by the plaintiff, as appellant herein, is not intended to apply to a situation like this. See Estes v. Moylan, Fla., 94 So.2d 362; Kay v. Sperling, Fla., 83 So.2d 881; and Shuler v. Allen, 76 So.2d 879. And see McAllister Hotel, Inc., v. Porte, Fla., 98 So.2d 781.
It appears that the defendant effectively revoked his original offer and succeeded, by his own efforts, in selling his property for a price much higher than had originally been contemplated, in spite of the fact that the broker had suggested that even his original price was too high.
The judgment appealed from is affirmed, but, because of the view we take of the case, leave is granted the plaintiff to amend his complaint as he may be advised.
It is so ordered.
THOMAS, Acting 'Chief Justice, and ROBERTS, DREW and O’CONNELL, JJ., concur.