120 So.2d 639 (1960)
PLUMBING INDUSTRY PROGRAM, INC., a Florida Non-Profit Corporation, Appellant,
v.
M.N. GOOD, Appellee.
No. 59-547.
District Court of Appeal of Florida. Third District.
May 26, 1960.
Rehearing Denied June 7, 1960.
*640 Leo M. Alpert, Miami, for appellant
Nestor Morales, Miami, for appellee.
PEARSON, Judge.
This is a suit for a real estate commission. The appeal is by the defendant, lessor, from a final judgment entered at the conclusion of a trial without a jury. The controlling question is whether the judge correctly construed a memorandum providing for a commission under certain circumstances, and we reverse.
On January 17, 1955, the plaintiff, broker, brought together John Hancock Mutual Life Company, as tenants, and Plumbing Industry Program, as landlord. Prior to entering into a three-year lease, the landlord signed the following memorandum:
"I, or we, the Lessor herein agrees to pay M.N. Good, Realtor, for negotiating the lease herein, brokerage commission in accordance with the schedule of rates of the Miami Board of Realtors, upon signing of lease. Should lessee, successors or assigns, exercise its option to renew or extend said lease on the same and/or additional space, the Lessor, successors or assigns, agree to pay M.N. Good, Realtor, an additional commission in accordance with the schedule of rates of the Miami Board of Realtors upon Lessee, successors or assigns, exercising said option to renew or extend said lease."
The option provision in the lease reads as follows:
"17. On or before the 30th day of November, 1957, the Lessee may elect to renew this lease for two (2) year(s) from the date of its expiration, upon the same terms, covenants and conditions, and at an annual rental of Three Thousand Seven Hundred and Twenty Dollars ($3,720)."
On December 15, 1957 when the original three-year lease had been in effect two years and nine and one-half months the tenant and the landlord entered into a new lease for five years. This new lease provided for the cancellation of the unexpired term under the original lease. Although the new lease included the space covered by the original lease, it also included an additional area which approximates the area of two ordinary rooms. The new lease required the landlord at his own expense to make certain alterations upon the premises. In addition the landlord was required to provide parking accommodations. After the execution of the new lease the broker made demand for the payment of a commission.
The broker as plaintiff filed his complaint at law in which he alleged his qualification *641 as a broker, his employment and the negotiation of the original lease. He then set forth the memorandum above quoted and claimed as follows:
"The Plaintiff further alleges that the said John Hancock Mutual Life Insurance Co. exercised its option to renew the lease, or in the alternative, it entered into a new lease with the Defendant; that in either event, the plaintiff was the procuring cause of the extended lease, or new lease, and became entitled to a regular brokerage commission, but that same has been refused. The Defendant has refused to pay the commissions of the Plaintiff alleging that he is not entitled to brokerage commissions for the extended lease or for the new lease.
"The Plaintiff does not know exactly upon what terms and conditions the subsequent lease was extended but the Plaintiff claims that irrespective of the terms and conditions of the subsequent lease the Plaintiff is entitled to his brokerage commission by reason of the fact that he was the procuring cause and the agent who negotiated the preliminary lease.
"Wherefore, Plaintiff claims damages against the Defendant in a sum less than Five Thousand ($5,000.00) Dollars."
The answer presented an affirmative defense as follows:
"Defendant admits the refusal to pay further commissions for the reasons stated in Defendant's Exhibit 1 attached hereto and made a part hereof; and admits that, after cancellation of the lease negotiated as above admitted, said lessee gave up certain space, required various expensive alterations to be made as a condition to a new lease, and thereafter, after refusing to renew the lease negotiated as above admitted, entered into a new lease.
"Defendant avers said refusal to renew the old lease, the supplementation thereof, the relinquishment of some of the space, the taking of additional space, the cancellation of the old lease, the requirement of extensive changes and alterations, and the consummation of a new lease for the altered and different space, without any participation, contribution, or knowledge of Plaintiff was not the `exercise of its [lessee's] option to renew or extend said lease', as contemplated by the alleged memorandum of agreement prepared by Plaintiff.
"Defendant denies all other allegations of Paragraph 4 of the Complaint."
It is apparent from a reading of the memorandum for commission that the defendant did agree to pay a commission to the plaintiff upon the exercise of the option to renew the lease for two years by John Hancock Mutual Life Insurance Co. Now, defendant contends, because the lease was not renewed, but cancelled, and a new lease was executed covering a different time period, the option was never exercised and therefore no commission is due.
We are compelled to agree with this contention. The parties entered into a specific written agreement which provided that the broker would be paid only upon the happening of the event prescribed in the agreement, namely, exercising the option to renew. We cannot rewrite the terms of the contract to extend the provision for a commission to include a statement that the broker is entitled to a commission "for any subsequent lease arrangement which the lessor and lessee may execute". The broker failed to protect himself since he provided only for a commission upon the event that the option to renew or extend the lease for a two-year period would be exercised. We cannot permit recovery in the face of a specific agreement, which controls the rights of the parties absolutely. Hanover Realty *642 Corp. v. Codomo, Fla. 1957, 95 So.2d 420; Kay v. Sperling, Fla. 1955, 83 So.2d 881; cf. Dooly v. Embry-Riddle Co., 2 Fla. Supp. 172 (1952).
The judgment appealed from is therefore reversed, and the cause is remanded to the trial court for entry of a judgment in accordance with this opinion.
Reversed and remanded.
HORTON, C.J., and CARROLL, CHAS., J., concur.