202 So.2d 858 (1967)
CURRAN & MacDONELL, INC., a Corporation, Appellant,
v.
Angelica PEARRE, Appellee.
No. I-419.
District Court of Appeal of Florida, First District.
October 5, 1967.
Robinson & Randle, Jacksonville, for appellant.
Scruby & Yonge, Orange Park, for appellee.
RAWLS, Judge.
By this action, Curran & MacDonell, Inc., a real estate brokerage firm, seeks to collect a commission for procuring a ready, willing and able buyer of real estate owned by Appellee, Pearre. The chancellor dismissed Appellant's complaint with prejudice, hence this appeal.
The brokerage firm contends: It earned a commission from the seller by delivering an executed contract from the prospective buyer and at this time the seller arbitrarily refused to close the transaction. The seller rebuts upon the theory that she had reserved the right to "back out" on closing the sale and the broker's commission was by the contract not payable until the transaction was closed.
For the purpose of this appeal, the allegations of the complaint must be taken as true. The brokerage firm solicited from the seller's agent a contract specifying the terms and conditions upon which the property would be sold. The seller's agent prepared such a contract by filling in blank spaces of a printed form and striking out certain language. Of particular significance is that the seller struck out the following language set out in the printed contract, to wit: "In the event buyer fails to perform and the deposit aforesaid is retained, the amount of such deposit shall be applied first in payment of attorney's fees, abstract or title charges and expenses, incurred by seller and the broker, or either of them, and the balance shall be divided equally between the broker and the seller provided, however, that the amount to be retained or received by the broker shall not exceed the full amount of said commission, any excess to be paid to the seller. If the transaction shall not be closed because of refusal of the seller to perform, then seller shall pay *859 said commission in full to the broker on demand." [Emphasis supplied.] Substituted for this stricken paragraph was the following concise typed sentence: "The commission shall become payable only upon closing this transaction."
We are not confronted with an instrument as described in Mark v. Hahn,[1] where Justice Hobson, speaking for the Supreme Court stated, "On the other hand, it does not appear quite so clearly that the seller reserved unto herself the right to renege in the instant suit, indeed there is room for the implication that the seller would do nothing to interfere with the actual closing of the deal. * * * We are impelled before turning from the subject discussion to say by way of caveat, that in Codomo when we used the expression `specific agreement to the contrary' we meant exactly that. We did not mean that a listing could be worded in such manner as to require the astuteness of the proverbial `Philadelphia lawyer' to determine that the seller intended to reserve until [sic] himself the right to change his mind or back our arbitrarily at any time he might see fit and thereby avoid payment of a commission."[2]
The last printed sentence of the cited instrument provided that if the seller failed to perform, then the seller would be liable for payment of the broker's commission. As stated above, this sentence was lined out by the seller. The services of a "Philadelphia lawyer" were not required by the broker in order for him to comprehend that the seller by so deleting this provision said in effect: "I will not pay you a commission if I refuse to perform". The specificity as defined in Mark v. Hahn was met by the intent as shown by coupling the deletion with the typed provision, "The commission shall become payable only upon closing this transaction". The chancellor's order dismissing the complaint with prejudice is
Affirmed.
WIGGINTON, C.J., and SPECTOR, J., concur.
NOTES
[1] Mark v. Hahn, 177 So.2d 5, 8 (Fla., 1965).
[2] "Codomo" refers to Hanover Realty Corp. v. Codomo, 95 So.2d 420 (Fla., 1957).