ERVIN, Chief Justice
(dissenting):
I would quash the decision of the District Court of Appeal, Third District, reported in 211 So.2d 250.
It appears to me that the class of county taxing officials here involved should not be denied the latitude under the state taxing statutes to increase an ad valorem tax assessment under the exceptional and particular circumstances here appearing. It is true F.S. Section 193.29(5), F.S.A., provides the County Commissioners shall not have power to change any assessment after endorsement and certification of the county tax roll. However, this provision must be read reasonably and in connection with other taxing statutes, namely, provisions relating to equalization (F.S. §§ 193.25 and 193.27, F.S.A.) and those relating to correction of acts of omission or commission of taxing authorities (F.S. § 192.21, F.S.A.). Here, it appears some twenty-five properties, including the property owned by Respondents, inadvertently had not been assessed according to the ratio of similar assessments of all other properties in the county. Furthermore, such overall valuations of all such properties (at 100 per cent of market value) was the end result of an exceptional circumstance: the mandatory requirements of McNayr v. State ex rel. Dupont Plaza Center, Inc., Fla.1964, 166 So.2d 142.
Equalization and correction of the assessment of Respondents’ property, in line with assessments of all other county properties, were belatedly attempted to be made by the Dade County Commissioners on the same date (October 22, 1964) as their endorsement and the certification of the county tax roll, although the increased assessments of the twenty-five properties, in- *362 eluding Respondents’, were not included on the roll nor were the Respondents given any notice of hearing relative the proposed increase. However, approximately one month later (November 23, 1964), after notice and opportunity to be heard had been afforded Respondents concerning the matter of the increased assessment, the increased equalized assessments of the twenty-five properties were made and shortly thereafter were certified on a supplementary tax roll. The basis upon which the District Court holds the increase of assessments invalid is that the increased assessments were not included in the original certified county tax roll.
No doubt the original attempt on October 22, 1964 to equalize, correct and increase the assessments of the twenty-five properties was abortive, being made without due notice and hearing. However, as related, the County Commissioners shortly thereafter in a bona fide attempt to bring the assessments of the twenty-five properties in line with other assessments, rescheduled the subject matter of an increase of the assessments of these properties for hearing on November 17, 1964, having first given notice thereof to Respondents. Pursuant thereto the increased assessments were made on November 23, 1964, and immediately thereafter the supplementary tax roll covering the increased assessments of said properties was endorsed and certified.
The equalization provisions of law permit the County Commissioners, as a Board of Equalization, to increase an assessment under the circumstances related herein. See Stiles v. Brown, Fla., 102 So.2d 612, text 614, 615.
I do not find there was such an abuse of discretion or unreasonable delay by the County Commissioners which is sufficient to defeat the official efforts to equalize and correct the assessment as to Respondents’ property. It is a contradiction in assessment regulations to give the power and duty to equalize and correct deficiencies of undervaluation or overvaluation, and at the same time prescribe an unalterable deadline which if technically and unreasonably applied would in many instances defeat the making of corrections in tax assessments. Nor do I believe the fact the County Commissioners did not certify the increased assessments of the twenty-five properties in the original tax roll is so fundamental an error under the particular circumstances as to void the effort of the County Commissioners in proceeding officially to equalize and correct the assessment of Respondents’ property within the tax year, in line with the assessments of other properties in the County. It seems to me the reason advanced is much too technical as a predicate to avoid the increase. Had the decision been based on the merits of the increase of the assessments, my conclusion might have been different.
ADKINS, J., concurs.