340 So.2d 1254 (1976)
The KEYES COMPANY, Appellant,
v.
FLORIDA NURSING CORPORATION, Appellee.
No. 75-1961.
District Court of Appeal of Florida, Third District.
December 23, 1976.
*1255 Sager & Burns and Joseph Pardo, Miami, for appellant.
John R. Farrell and M. Sue Barrett, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal from a summary final judgment for the defendant, Florida Nursing Corporation, in an action where the plaintiff, Keyes Company, sought to recover a real estate commission. The court has given us the benefit of its reasoning by a full opinion set out as follows:
"This cause came before the Court upon the Defendant's Motion for Summary Judgment and for Dissolution of Temporary Injunction, and upon the Plaintiff's Motion for Summary Judgment.
"Previously, the Court heard argument on Defendant's Motion for Judgment on the Pleadings, during which argument the parties stipulated as follows to the only two possible disputed factual issues, to wit:
"(1) That as of the date of execution of the agreement upon which the Plaintiff bases its action, that property commonly known as Live Oaks Nursing Home, 2200 N.W. 26th Street, Miami, Florida constituted the entire corporate assets of the defendant corporation;
"(2) That an inventory of furnishings and equipment was not attached to that instrument captioned option, a copy of which is attached to Amended Complaint as Plaintiff's Exhibit A, at the time of execution of said instrument.
"The parties agreed that there is no dispute as to other material facts and that the only issues to be determined in this cause are issues of law. The Court concurs. Upon consideration of memoranda, pleadings, depositions, affidavits and matter of which the Court has taken Judicial notice, the Court finds that there is no material factual issue to be determined in this cause.
"The undisputed facts in this cause clearly establish that title to that property of the Defendant, passed to and vested in Dade County solely as a consequence of the County's exercise of its powers of eminent domain and not as the result of a voluntary sale between the Defendant and Dade County.
"Upon consideration of the foregoing, the Court concludes as a matter of law that condemnation of the Defendant's property by Dade County is not tantamount to a sale so as to entitle the Plaintiff to a broker's commission. Wilson v. Frederick R. Ross Investment Co., 161 116 Colo. 249, 180 P.2d 226 (1947); Haigler v. Ingle, [119 Colo. 145,] 200 P.2d 913 (Colo., 1948); Shaw v. Avenue D. Stores, Inc., [Sup.,] 115 N.Y.S.2d 194 (1952).
"The Court further concludes as a matter of law that according to the terms of the agreement upon which Plaintiff bases its claim, the Defendant clearly reserved unto itself the right to withdraw the subject property at any time prior to consummation of a sale without incurring liability to the Plaintiff for a broker's commission. Curran & Mac Donnell v. Pearre, 212 202 So.2d 858 (1st D.C.A. Fla., 1967); Fenton v. Teichman, 277 So.2d 562 (3rd D.C.A. Fla., 1973); affirming Summary Judgment in Dade Circuit Case No. 72-12583; and Warter v. Bancroft Hotel Associates, Inc., 285 So.2d 676 (3rd D.C.A. Fla., 1973). Also generally Hanover Realty Inc. v. Codomo, 95 So.2d 420 (Fla., 1957).
"The Court finds it unnecessary to reach the other issues of law raised by the parties as the foregoing determinations are fully dispositive of the rights and liabilities of the parties herein."
* * * * * *
On this appeal, appellant argues that summary judgment was wrongfully entered for the defendant and should have been entered for the plaintiff. Upon an examination *1256 of the record before us, we hold that summary judgment was wrongfully entered but that the issues presented by the pleadings were proper subjects for a trial in this cause.
The facts may be briefly stated. Dade County, the governmental authority, sought the assistance of Keyes Company in finding a property to be used as a rehabilitative center for chronic alcoholics. There was no agreement of Dade County to pay a brokerage commission. The plaintiff found the property of the defendant Florida Nursing Corporation and secured from it an option agreement whereby Dade County could purchase the property. At the same time, plaintiff secured from the defendant property owner an agreement to pay a brokerage commission. The agreement in full is as follows:
"January 9, 1973
In consideration for finding a purchaser  Metropolitan Dade County, Florida  for property located in Dade County, Florida and legally described as Tract A and N 77.1 feet of Tract B, Zipes Sub-Division, PB 78  page 54, AKA Live Oaks Nursing Home, AKA 2200 N.W. 26th Street, Miami, Florida, ____ the undersigned jointly and severally agree upon completion of this sale to pay to THE KEYES COMPANY, Broker, as a commission for finding said purchaser of the above property the sum of ____ 6% of the purchase price $102,000. Commission payable only when, as and if transaction is fully consummated." [Emphasis supplied]
Dade County accepted the option agreement although, as noted by the trial court in its opinion, an inventory of the furnishings and equipment of the property to be sold was not completed. The defendant then refused to go forward with the sale because of a change in management.
Dade County was under an immediate necessity to acquire the facility because of a requirement of a state statute. When the defendant refused to proceed under the option agreement, Dade County began eminent domain proceedings. During the progress of these proceedings, the parties agreed to a price and conditions of a judgment of condemnation and Dade County took over the property.
Appellee's position is that the agreement to pay a commission was conditioned ". . upon completion of this sale ..." It is, thereupon, urged that an eminent domain proceeding is not a sale. This position is well-supported by the cases cited by the court in its opinion. See Wilson v. Frederick R. Ross Inv. Co., 116 Colo. 249, 180 P.2d 226, 170 A.L.R. 1410 (1947); Haigler v. Ingle, 119 Colo. 145, 200 P.2d 913 (1948); and Shaw v. Avenue D. Stores, Inc., Sup., 115 N.Y.S.2d 194 (1952).
If the letter agreement is given force as a promise to pay a commission for the finding of a purchaser as is indicated in the opening line thereof, then appellant's position is supported by those cases holding that a seller may not, after a broker has become entitled to a commission for the finding of a purchaser, frustrate the broker's right to a commission by its own wrong in refusing to proceed with the sale. See Hutchins & Co. v. Sherman, 82 Fla. 167, 89 So. 430 (1921); Walker v. Chancey, 96 Fla. 82, 117 So. 705 (1928); Hart v. Pierce, 98 Fla. 1087, 125 So. 243 (1929); and Miller v. Moylan, 72 So.2d 380 (Fla. 1954).
The language of the agreement that "[c]ommission payable only when, as and if transaction is fully consummated" does not refer to a sale, and an issue to be tried might well be whether, in fact, the eminent domain proceeding was a consummation of the transaction. It is suggested by the appellant that the facts of the transaction are readily susceptible to a finding by a jury that the eminent domain proceedings were a continuation of the negotiations initiated by the Keyes Company after it performed the duty of finding a purchaser. It is pointed out that the failure of the initial proposal for sale embodied in the option agreement was caused entirely by the seller's refusal to proceed.
We conclude that an issue remains upon the allegation that the plaintiff found a purchaser and the defendant frustrated the *1257 sale by its own actions. We reverse the summary final judgment for the defendant and remand the case for a trial of the other issues raised by the pleadings.
Reversed and remanded.