GLICKSTEIN, Judge.
This case is yet another example of parties attempting to squeeze their intentions into the space left them by a form contract rather than expressing them in an addendum which is unconfined in space.
Appellant is a real estate broker and ap-pellee is the owner and seller of an apartment complex in Boca Raton. On its own form appellant prepared a proposed deposit receipt contract and presented it to appel-lee. In its original form, the contract provided, in pertinent part:
BROKER’S FEE: In the absence of any specific agreement between the seller and the broker, the broker has earned his fee for professional services rendered as of the date of the execution of the contract *1131 by all parties but shall not be entitled to payment until the date of closing, and in the event the seller refuses for any reason to close, the broker is entitled to and the seller agrees to pay his full fee. The amount of the fee shall be 6% of the purchase price.
Prior to appellee’s signing of the contract appellant struck out the above clause; and at the request of appellee, added to the front of the contract the following language:
BUYERS AGREE TO PAY THE COMMISSION IN THE AMOUNT OF $10,-000.00. NO COMMISSION IS TO BE PAID BY SELLER.
The contract, as changed, was signed by appellee and the prospective buyers. The transaction did not close as a result, according to appellant, of appellee’s unreasonable request.
At trial appellant sought recovery of $10,000 in damages due a third party beneficiary from the party who allegedly breached the contract. Presumably, because of the addition of the last quoted contractual clause, appellant did not pursue a claim against appellee for $10,000 as a real estate commission.
The jury returned the following verdict:
I. What was (were) the intention(s) of the seller and broker in crossing out the paragraph on the back of the contract entitled “broker’s fee” and in writing this language on the front of the contract: “No commission is to be paid by seller.”?
1. To transfer the responsibility to pay the broker’s commission from the seller to the buyer?
2. To indicate that the seller would not be liable for the broker’s commission in the event that the seller refused for any reason to close?
ANSWERS (Only check one below)
(1) #1
(2) #2 _
(3) #1 and #2 | |
(If you check (1), please continue on with your deliberations. However, if you check (2) or (3), please stop here and have the foreperson sign the verdict form below for the Defendant.)
VERDICT FOR PLAINTIFF
II. We, the jury, find for the Plaintiff, The Urban Company, a Florida corporation, and assign damages at Ten Thousand ($10,000.00) Dollars. So say we all this 19 day of January, 1979.
The trial court entered final judgment in accordance with the verdict, then vacated it and granted appellee’s motion for directed verdict. After denial of appellant’s motion for rehearing, this appeal followed.
In directing the verdict, the trial court relied on Curran & MacDonell, Inc. v. Pearre, 202 So.2d 858, 858-859 (Fla. 1st DCA 1967), wherein the parties deleted the following clause from the broker’s contract:
If the transaction shall not be closed because of refusal of the seller to perform, then seller shall pay said commission in full to the broker on demand
and added:
The commission shall become payable only upon closing this transaction.
As can be seen, the stricken language in Curran is comparable to what was stricken sub judice. As for the deletion the First District said:
The services of a “Philadelphia lawyer” were not required by the broker in order for him to comprehend that the seller by so deleting this provision said in effect: “I will not pay you a commission if I refuse to perform.”

Id.

The effect of the deletion and addition in Curran, supra, was to eliminate any commission due the broker from the seller unless the transaction closed. In the present case, the effect of the deletion and addition relieved the seller of any responsibility for the commission regardless of whether the transaction closed or not. This is an extension of Curran, supra; in both cases, the seller was not responsible for the commission.
Accordingly, we affirm.
AFFIRMED.
*1132 DOWNEY, J., concurs.
MOORE, J., concurs in conclusion only.