534 So.2d 1214 (1988)
Rosario STRANO, Appellant,
v.
REISINGER REAL ESTATE, INC., Appellee.
No. 88-709.
District Court of Appeal of Florida, Third District.
December 6, 1988.
Rehearing Denied January 11, 1989.
Joseph F. Tomassi, Homestead, for appellant.
Murphy & O'Brien, and William F. Murphy, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Rosario Strano appeals a summary final judgment awarding Reisinger Real Estate, Inc., a real estate commission. Finding error, we reverse.
In 1983, William Reisinger, a registered real estate broker, negotiated a farm lease between lessee Strano and lessor, Allen Morris Company. The commission agreement between Strano and William Reisinger provided, in pertinent part, that Strano:
agrees to pay to WILLIAM S. REISINGER, ... commission for negotiating and completing that certain Standard Farm lease between Strano and THE ALLEN MORRIS COMPANY, as Agents, ... Ten per cent (10%) of any renewal or extension (sic) of said Standard Farm Lease with THE ALLEN MORRIS COMPANY as agents of said property.
In 1985, the parties executed a new lease for the same property. Subsequently, Reisinger Real Estate, Inc.,[1] brought an *1215 action against Strano alleging that it was entitled to recover the 10% commission due upon renewal of the lease. Both parties sought summary judgment. The trial court decided that the 1985 lease constituted a renewal of the 1983 lease and entered final summary judgment in favor of Reisinger Real Estate, Inc.
At issue is whether the 1985 lease is a renewal of the 1983 lease, entitling Reisinger Real Estate, Inc., to receive the 10% commission.[2]
The rule is well established in this state as well as everywhere else that when competent parties reduce their engagement to writing in terms that create a legal obligation without any uncertainty as to the object or the extent of the engagement as between them, it is conclusively presumed that the whole engagement and the extent and manner of their undertaking is contained in the writing. The writing itself is the evidence of what they meant or intended by signing it. The test of the meaning and intention of the parties is the content of the written document. Ross v. Savage, 66 Fla. 106, 63 So. 148 (1913).
Bank of Coral Gables v. Murphy, 533 So.2d 902 (Fla.3d DCA 1988) (quoting Gendzier v. Bielecki, 97 So.2d 604 (Fla. 1957)). See Jaar v. University of Miami, 474 So.2d 239, 242 (Fla.3d DCA 1985) ("construction of a written document ... presents a question of law, if its language is clear and unambiguous.") (citations omitted), review denied, 484 So.2d 10 (Fla. 1986).
Pursuant to the commission agreement Reisinger Real Estate, Inc., was entitled to receive the 10% commission only upon renewal of the 1983 lease. The 1983 lease was silent concerning renewal terms. Moreover, the parties deleted a provision granting Strano "first refusal rights to renew at highest market price or bid."
A lease renewal connotes a continuation of the landlord-tenant relationship on the same terms as the original lease. See Goldbloom v. J.I. Kislak Mortgage Corp., 408 So.2d 748, 750 (Fla.3d DCA) (in dicta the court agreed with the doctrine that "an otherwise silent agreement simply to renew an existing lease implies that the renewed term is for the same rental as the existing one."), review dismissed, 421 So.2d 517 (Fla. 1982); Crossman v. Fontainbleau Hotel Corp., 273 F.2d 720, 727 (5th Cir.1959) ("when there are no terms stated in the option [to renew] the parties are deemed to contemplate that the lease will be renewed on the same terms in the original agreement."); Gardella v. Greenburg, 242 Mass. 405, 136 N.E. 106 (1922) ("The word `renewal' imports a new lease on the same terms and for the same length of time as that in which it is contained, but without any covenant for a further extension."). See generally G. Thompson, 3 Thompson on Real Property, § 1120 at page 412-413 (1980) ("The word `renewal' ... imports the giving of a new lease like the old one, with the same terms and stipulations, at the same rent, and with all the essential covenants."); 50 Am.Jur.2d Landlord and Tenant §§ 1159, 1165 (1970); 51C C.J.S. Landlord and Tenant § 71 (1968). Here, the 1985 lease contained provisions not present in the original lease including: cancellation by the landlord, higher rent, and increased acreage. Thus, we conclude, as a matter of law, that the 1985 lease is not a renewal of the 1983 lease. Consequently, Strano is not obligated to pay a commission under the parties' agreement. See Plumbing Indus. Program, Inc. v. Good, 120 So.2d 639 (Fla.3d DCA 1960) (broker not entitled to commission where *1216 lease was not renewed and agreement provided that commission must be paid upon exercise of option to renew). Cf. Hartford Accident & Indem, Co. v. Sheffield, 375 So.2d 598 (Fla.3d DCA 1979) (liability policy not a renewal of policy where protection and premiums substantially different), and cases cited therein. See generally Annotation, Broker's Right to Commission on Renewal, Extension or Renegotiation of Lease, 79 A.L.R.2d 1063 (1961).
We therefore hold that the trial court erred in granting summary judgment in favor of Reisinger Real Estate, Inc. Because no genuine issues of material fact remain unresolved, we direct the trial court to enter final summary judgment in favor of Strano.
REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] William Reisinger died in 1984. The probate court distributed the rights under the commission agreement to Mrs. Reisinger. She assigned these rights to Reisinger Real Estate, Inc.
[2] Although the agreement also stated that the commission was due upon extension of the lease, we note that the Florida supreme court has held that the "distinction between meaning of words renewal and extension and words of similar import when used in leases `was too refined and theoretical to be real, as a matter of law, in practical affairs.'" Leibowitz v. Christo, 75 So.2d 692, 693 (Fla. 1954); see also Sisco v. Rotenberg, 104 So.2d 365, 370 (Fla. 1958) (court noted that it would not consider distinction between renewal and extension and that courts use both terms); see generally 34 Fla.Jur.2d Landlord and Tenant § 963 (1982); 3 Thompson on Property, § 1120 at page 412-413 ("Some courts take the position that there is no legal difference between the terms `extend' and `renew' holding that neither requires execution of a new lease.").