PER CURIAM.
The issue presented by this appeal is whether appellant, Wayne L. Rauch, a real estate broker, is entitled to a broker’s commission on the somewhat unusual facts of this case. The trial court found that he was not.
The specific identities of the parties varied from time to time, but for the purpose of resolving this appeal it is sufficient to note that Rauch was the broker, Chama was the owner-landlord, and Walgreen’s was the tenant. Through the efforts of Rauch, a thirty-year lease was entered into between the landlord and the tenant. The commission agreement provided that Rauch was to receive three percent of the gross annual rental for the term of the lease “and any extensions thereof.”
Commissions were paid without incident for approximately twenty years. On September 19,1991, with nine years of the original lease term remaining, the landlord and tenant, without any participation by Rauch, entered into a Lease Modification Agreement which increased the amount of rent and ex *502 tended the term for an additional twenty years. The reason for the modification was that Walgreen’s had undergone extensive remodeling in reliance upon the lease being extended. The owner, Chama, refused to continue to make commission payments to Rauch, informing him that it had negotiated a new lease and since he had not been involved in those negotiations, he was no longer entitled to a commission. As indicated earlier, the trial court agreed with the position taken by Chama.
 We find no precedent in Florida or elsewhere addressing the precise issue framed by the foregoing factual recitation, nor have the parties offered any. This may result from the fact that it appears almost self-evident that one party to a contract may not unilaterally change the terms of that contract, thereby depriving the other contracting party of the benefits for which consideration has been given. The broker procured a tenant under a contract which then required the landlord to pay him a commission over a fixed term of years. There is simply no theory, in law or in equity, which permits that agreement to be abrogated by one party with impunity. Obviously, if the tenant abandons the premises midterm the commission is no longer payable, but that is entirely aside and distinguishable from the scenario here.
The trial court below and the owner-landlord-appellee here apparently went off on a tangent to conclude otherwise. There is a line of cases holding that a broker is not entitled to a. commission where a lease is extended or renewed with terms substantially different from the original lease, even where the commission agreement purports to include “extensions and renewals.” See Woodard Tire Co. v. Hartley Realty, 596 So.2d 1114 (Fla 3d DCA 1992), rev. denied, 605 So.2d 1264 (Fla.1992) (Court held that brokers were not entitled to commission based on the renewal of a lease, because the renegotiation which preceded the renewal changed the rental amount and the lease agreement was no longer the same agreement under which the brokers were entitled to commission); Strano v. Reisinger Real Estate, Inc., 534 So.2d 1214 (Fla. 3d DCA 1988), rev. dismissed, 542 So.2d 1334 (Fla.1989) (Court held that brokerage company was not entitled to receive a commission under the new lease, because under the commission agreement, it was only entitled to receive a commission upon renewal, and the new lease was not a renewal because it included new terms, increased acreage and higher rent); Cushman & Wakefield of Florida, Inc. v. Williams, 551 So.2d 1251 (Fla. 2d DCA 1989) (Court held that a newly negotiated lease agreement styled as “First Amendment to Lease Agreement” was still a new lease notwithstanding its name, and that the brokers who had negotiated the first lease were not entitled to commissions on the second).
None of those cases justify the result reached in this case, that is, depriving the broker of a commission for part of the original term of the lease. Those cases simply decide that the broker’s entitlement ends with the original lease term where an extension of that term involves new and different rights and responsibilities of the landlord and tenant so that in effect a “new” lease has been negotiated. Accordingly, we reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
ANSTEAD and HERSEY, JJ., and MAGER, GERALD, Senior Judge, concur.