J. T. WALKER and J. H. McCLELLAND, co-partners doing business as WALKER & McCLELLAND, *Plaintiffs in Error,* v. C. L. CHANCEY, *Defendant in Error.*

Division B.

Opinion filed June 26, 1928.

Petition for rehearing denied September 17, 1928.

*Sheppard & Wahl,* Attorneys for Plaintiffs in Error;

*C. L. Chancey,* Attorney for Defendant in Error.

BUFORD, J.—In this case writ of error was taken to a judgment in favor of the defendant in the court below in a suit in which the plaintiffs in error sued the defendant in error for commissions alleged to have been earned by the plaintiffs in the court below as real estate brokers and acting in the capacity of such brokers in behalf of the defendant in the court below in and about the sale of certain property in Brevard County, Florida. The contract which constituted the basis of the cause of action as set forth in the transcript of the record is as follows:

"This agreement made this 8th day of April 1925, between Walker and McClelland, Realtors of Cocoa, Florida, and C. L. Chancey of Fort Lauderdale, Florida. Whereas the said C. L. Chancey agrees to give Walker & McClelland the exclusive listing until May 1st, 1925. On the following property:

"Gov. Lots 1 and 2 and 4, Section 35, Township 25 South, Range 37 East, Brevard County, Florida.

"At the following price and terms:

"Total purchase price $210,000.00.

"$78,750.00 cash and assume contract between C. L. Chancey and Gus C. Edwards and the Florida Beaches, a Florida corporation. Payments on contract as follows:

"$26,250.00 October, 1925.

"$26,250.00 on or before October, 1926.

"$26,250.00 on or before October, 1927.

"$26,250.00 on or before October, 1928.

"Dates given are approximate dates of payments on contract for deed.

"Above payment to be paid to Gus C. Edwards and the Florida Beaches, a Florida Corporation.

"Which they now hold notes for same signed by C. L. Chancey. Balance of $26,500.00 April, 1929, to C. L. Chancey. All payments bearing interest 6% interest annually, payable semi-annually.

"I agree to pay you 10% commission on sale price above stated payable out of the first cash payment.

"Any other terms submitted contrary to the above and accepted by us carries the same commission and form of settlement out of first cash payment."

"C. L. CHANCEY."

together with a receipt and an agreement executed between

the brokers and W. M. Toomer, the purchaser, in the following language, to-wit:

"Cocoa, Florida, April 30th, 1925."

"Received of W. M. Toomer of Jacksonville, Fla., One Thousand and no/100 Dollars as part purchase money on the following described property, to-wit: All that tract or parcel of land lying and being in the County of Brevard, State of Florida, to-wit: Government Lots 1 and 2, 3 and 4, Section 35, Township 25 South, Range 37 East.

"which on and for account of the owner, C. L. Chancey, we have this day sold to the purchaser above named for the sum of $210,000.00 to be paid as follows: $1,-000.00 this day received as above. $77,750.00 cash when abstract showing good and sufficient title in owner is furnished.

"Owner agrees to furnish abstract showing good and sufficient title free from all incumbrances, except: Purchaser agrees to assume contracts between C. L. Chancey and Gus C. Edwards and the Florida Beaches, a Florida Corporation, described in 'exclusive listing' given Walker and McClelland and a copy of which is attached hereto and made a part of this sales contract.

"Purchaser also agrees to pay to C. L. Chancey, $26,-250.00 on April, 1929, also mentioned in 'exclusive listings' given Walker & McClelland herein referred to.

(Signed in triplicate.)

" WALKER & M'CLELLAND, Realtors, Agents,

By—J. T. Walker.

"I hereby agree to purchase the above described property on the terms and conditions named above. Dated April 30th, 1925.

"W. M. TOOMER,          (Seal)
"Purchaser.

"Signed, sealed and delivered in the presence of:

"_____

"_____"

On the trial there was a directed verdict in favor of the defendant and the judgment was on such verdict.

We deem it unnecessary to set out in detail the pleadings and proof submitted by the plaintiff. The defendant appears to have based his defense upon the theory "that since the contract provided that the commission was to be paid out of the first cash payment and as no cash payment had been made, the plaintiffs were not entitled to their commission and their suit was prematurely brought."

It appears that the trial judge took his view of the case and directed a verdict.

There was evidence to the effect that Toomer entered into a contract for the purchase of the property in good faith; that he paid down the required binder; that he was ready, and able to perform his contract; that the defendant was able to perform his part of the contract but being offered a higher price than that agreed to be paid by Toomer that he failed and refused to diligently perform his contract and by his conduct in that regard prevented Toomer from making the cash payment and other payments as stipulated in the contract.

Had the case been submitted to a jury and had the jury found from the evidence above referred to that such was the true state of facts, then the plaintiffs in the court below would have been entitled to recovery.

It is true that the contract provides as follows: "I agree to pay you 10% commission on sale price above stated, payable out of the first cash payment." This did not mean, however, that Chancey, the vendor and who was thereby obligating himself to pay the commission, could prevent or make impossible the performance or happening of the condition and thereby evade liability for the payment of the commission.

The rule as stated in 6 R. C. L. 945, is as follows:

"However, one who prevents or makes impossible the performance or happening of a condition precedent, upon which his liability, by the terms of a contract, is made to depend, cannot avail himself of its non-performance. Likewise, where the promise is to pay out of a fund to be realized in a certain way, there is an implied obligation to use reasonable diligence in performing the act upon which payment is contingent. In default of such diligence, payment becomes due without performance of the condition."

The agreement to pay the commission is a distinct obligation. The agreement that the commission should be paid out of a certain fund is another obligation and this latter obligation may be dispensed with or made inapplicable by the conduct of the obligor.

The Supreme Court of Kentucky in the case of Jones v. Walker, (13 B. Monroe 163) and 56 American Decisions 557, say:

"It is a general principle of law that he who himself prevents the happening or performance of a condition precedent, upon which his liability, by the terms of the contract, is made to depend, can not avail himself of his own wrong and relieve himself from his responsi-

bility to the obligee, and shall not avail himself, to avoid his liability, of a non-performance of such precedent condition, which he has himself occasioned, against the consent of the obligee.''

And the Supreme Court of California in the case of Earl v. Sunnyside Land Co., et al., 150 Cal. 214, say:

''While the transactions which gave rise to this controversy are somewhat involved and complicated, the questions to be considered upon these appeals are neither numerous nor difficult. The principal contention of the Sunnyside Land Company is based upon the provision found in Trust No. 1 to the effect that the sum secured to be paid is to be paid only from the proceeds of sales made by the said land company of the lands covered by the trust deed, and that the other parties to the instrument will not require the payment thereof from any other source. From this provision it is argued that the respondents, i. e., the plaintiff and the California Title Insurance and Trust Company, agreed to look for their payment only to the proceeds of such sales to be made by the Sunnyside Land Company, and that they have no right to seek or enforce payment in any other way. But we think that this argument is based upon too narrow a construction of the provisions of paragraph 5 of the trust-deed. That paragraph provides in addition to the agreement that the payment of the sums due is not to be required from any other source than sales of lands, the undertaking that the Sunnyside Land Company is to use reasonable diligence in placing said lands upon the market and in making sales thereof, such sales to be by it made at such prices and upon such terms as it may deem beneficial and profitable, but

at prices not less per block than those designated in a schedule attached to the deed. These provisions are all to be read together, and it certainly could not have been the intention of the parties that the Sunnyside Land Company should by violating its agreement to use reasonable diligence in making sales, have the power to indefinitely or perpetually postpone the right of the creditors to obtain payment of their claims out of the land which was by the deed of trust made security, and the only security, for such claims.''

In Hutchins & Co. v. Sherman, 82 Fla. 167; 89 So. R. 430, this Court held:

''The authorities uniformly hold to the effect that, where a broker procures a customer willing, ready and able to purchase property offered for sale according to the terms of the offer and the transaction is defeated on account of some fault of the principal, the broker is entitled to his commission, although the transaction is not consummated. 9 C. J. 623; Camp Lbr. Co. et al., v. Tedder, 78 Fla. 183, 82 So. R. 865; Dotson v. Millikin 209 U. S. 237, 28 Sup. Ct. R. 489, 52 L. ed. 768; Schweid v. Storandt, 157 App. Div. 855, 143 N. Y. S. R. 161; Beamer v. Stuber, 164 Iowa 309, 145 N. W. R. 936; Church v. Dunham, 14 Idaho 776, 96 Pac. R. 203; Smith v. Adelberg, 72 Wash. 434, 130 Pac. R. 494; Realty Bonds & Finance Co. v. Point Richmond Canal & Land Co. 171 Cal. 238, 152 Pac. R. 433; Richardson v. Olanthe Milling, etc., Co. 167 Ala. 411, 52 So. R. 659, 140 Am. St. R. 45.''

By the same analogy and reason we must hold that if a broker employed and given an exclusive listing to sell real estate procures a purchaser who enters into a contract to

purchase real estate according to the terms set forth in the listing agreement and is ready, willing and able to carry out his contract to purchase such real estate and is prevented from so doing without any fault of his own, but solely because the vendor fails and refuses to carry out his contract to so sell such real estate and such vendor of such real estate without any fault on the part of the broker and without any fault on the part of the contracting purchaser, fails and refuses to carry out his part of the sales agreement and thereby prevents a consummation of the sale or thereby unreasonably delays the consummation of the sale, the broker may thereupon maintain an action to recover commissions based upon the sales agreement at the purchase price therein named, although the sale is not in fact consummated.

We find from the record that there was sufficient evidence produced by the plaintiff on the trial in the court below to require the case to have been submitted to the jury and it was error for the Court to instruct the jury to return a verdict in favor of the defendant.

The judgment is reversed and the cause remanded.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM, J., concur in the opinion and judgment.

BROWN, J., dissents.