TILLMAN PEARSON, Judge.
The plaintiff, William F. Chatios, doing business as the Golden Gate Hotel, appeals a final judgment in favor of the defendant, appellee, Morse Auto Rentals, Inc., which was entered subsequent to a non-jury trial. The judgment was in favor of the plaintiff against Morse for $2407.50 ($2,250.00 plus interest) upon the complaint and for the defendant on its counterclaim in the amount of $2800; therefore, the final judgment was for the defendant against the plaintiff in the amount of $392.50. Since the parties stipulated, at pre-trial conference, that plaintiff was entitled to $2,250.00, we need not consider the judgment for the plaintiff upon his complaint. We reverse the finding upon the counterclaim upon the basis that the trial judge applied the wrong rule of law.
The facts before the trial court were in the main uncontroverted. The defendant, Morse Auto Rentals, contracted, in writing, to pay the plaintiff $9000 for the right to operate a door concession on the hotel premises from December 1, 1963 to December 1, 1964. On March 30, 1964, the final payment of $2,250 was due from Morse to the plaintiff. Defendant did not make this payment. Subsequently, on June 7, 1964, the plaintiff closed the hotel so that there was no further opportunity for performance on the part of the defendant. The judgment for the plaintiff was for the final payment, plus interest. The judgment for the defendant ■on its counterclaim was for its loss of revenue caused by closing the hotel.
It is apparent that the right to operate the door concession was dependent upon the defendant’s duty to pay. See Steak House v. Barnett, Fla.1953, 65 So.2d 736. Having breached the contract by a failure to pay, 'the defendant was not in a position to successfully maintain an action for breach of •contract upon the plaintiff’s failure to keep the hotel open. See 6 Williston, Contracts § 871 (3d ed. 1962). Compare Babe, Inc. v. Baby’s Formula Service, Inc., Fla.App.1964, 165 So.2d 795.
Having reached the conclusion that it was erroneous to award damages to the defendant on its counterclaim, the judgment appealed is reversed and the cause remanded with directions to enter a judgment for the plaintiff.
Reversed and remanded.
SWANN, J., dissents.