345 So.2d 367 (1977)
George P. WATERS and Charles F. Duchein, Appellants,
v.
KEY COLONY EAST, INC., et al., Appellees.
No. 76-835.
District Court of Appeal of Florida, Third District.
April 19, 1977.
Rehearing Denied May 23, 1977.
Horan & Finley, Key West, for appellants.
A.M. Schwitalla, Miami, for appellees.
Before PEARSON and BARKDULL, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The trial judge refused to return a down payment or deposit to a prospective purchaser under a deposit receipt contract involving real property, and refused to award the seller damages beyond the sum fixed as liquidated damages under the agreement. We affirm.
A party to a contract cannot take advantage of his own wrongdoing to avoid responsibility thereunder. Walker v. Chancey, 96 Fla. 82, 117 So. 705 (1928); Chatlos v. Morse Auto Rentals, Inc., 183 So.2d 854 (Fla. 3rd DCA 1966); Ballard v. El Dorado Tire Company, 512 F.2d 901 (5th Cir.1975); 7 Fla.Jur., Contracts, §§ 147, 148. A party to a contract, who agrees to accept a sum as liquidated damages, cannot sue for actual damages. Stone, Sand & Gravel Company v. United States, 234 U.S. 270, 34 S.Ct. 865, *368 58 L.Ed. 1308 (1914); Coca-Cola Bottling Works (Thomas) Inc. v. Hazard Coca-Cola Bottling Works, Inc., 450 S.W.2d 515 (Ct. App.Ky. 1970); Ashley v. Lance, 80 Wash.2d 274, 493 P.2d 1242 (1972); 9A Fla.Jur., Damages, § 115; 22 Am.Jur.2d, Damages, § 235; Cf. Hillsborough County Aviation Authority v. Cone Brothers Contracting Company, 285 So.2d 619 (Fla. 2nd D.C.A. 1973).
Therefore, the final judgment here under review be and the same is hereby affirmed.
Affirmed.