345 So.2d 839 (1977)
Gerald B. FALOVITCH and DAVEDA M. Falovitch, His Wife, Appellants,
v.
ADRIENNE REALTY, INC., Sol Davidow and Alice Davidow, Appellees.
No. 75-1607.
District Court of Appeal of Florida, Third District.
May 3, 1977.
*840 Michael H. Weisser, Miami, and Kenneth B. Swinger, Fort Lauderdale, for appellants.
Porter, Treister & Bercuson and Michael D. Wohl and Gary M. Carman, Miami, for appellees.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PEARSON, Judge.
Gerald B. Falovitch and Daveda M. Falovitch, his wife, appeal a final judgment in favor of Adrienne Realty, Inc., for a real estate broker's commission. The judgment also found for the real estate company against the Falovitches upon the Falovitches' claim for a return of one-half of the deposit made by prospective purchasers. The principal question presented by the appeal is whether the real estate broker performed its duty as a broker in order to be entitled to a commission.
The suit was begun by Sol Davidow and Alice Davidow, his wife, who were the prospective purchasers of the property in order to recover their deposit. Both the owners Falovitch and the broker, Adrienne Realty, were made parties to the suit. The real estate broker cross-claimed against the Falovitches for the commission claimed to be due for having presented a purchaser ready, willing and able to purchase. The Falovitches cross-claimed against the real estate broker claiming the right to recover one-half of the deposit for the sale that was not completed. The Davidows were not parties to this appeal. The trial judge set out his findings of fact as follows:
"1. That GERALD B. FALOVITCH and DAVEDA M. FALOVITCH, his wife, entered into a Multiple Listing Agreement with Marbin & Wolis Realty Company, Inc. for the sale of real estate which is the subject matter of the above styled action.
"2. That ADRIENNE REALTY, INC. procured a purchaser ready, willing and able to buy the subject real estate, to wit: SOL DAVIDOW and ALICE DAVIDOW, his wife.
"3. That SOL DAVIDOW and ALICE DAVIDOW, his wife, made an offer on the subject property in the form of a Deposit Receipt Contract, a copy of which was attached to the Complaint filed herein, and said contract was accepted by GERALD B. FALOVITCH and DAVEDA M. FALOVITCH, his wife.
"4. GERALD B. FALOVITCH and DAVEDA M. FALOVITCH could not perform pursuant to the Deposit Receipt Contract entered into between the parties thereto, consequently, the sale was not closed due to the default and failure on the part of the seller.
"5. That at all times material hereto, ADRIENNE REALTY, INC. acted in good faith and performed all aspects of its contract, to wit: the Multiple Listing Agreement for the subject property, a copy of which was filed in this action by Defendant, ADRIENNE REALTY, INC.
"6. That pursuant to the aforementioned Deposit Receipt Contract, ADRIENNE REALTY, INC. was entitled to one-half of the stated brokerage commission or three and one-quarter (3 1/4%), percent of One hundred twenty-five thousand and NO/100 ($125,000) Dollars purchase price of the subject real estate or $4,687.50.
"7. That ADRIENNE REALTY, INC. was forced to take action against GERALD B. FALOVITCH and DAVEDA M. FALOVITCH, his wife, to recover its earned brokerage commission and, pursuant to the Deposit Receipt Contract are entitled to recover reasonable attorney's fees and Court costs from the sellers."
The Falovitches had a mortgage on their property which provided that it could be transferred to a new owner only in the event the new owner assumed the new mortgage. In event the property was sold without an assumption agreement, the mortgage provided that the entire balance would become immediately due and payable. The Falovitches, wishing to sell their property, entered into a multiple listing agreement with another real estate broker. *841 This listing agreement, which was prepared by the real estate broker, provided only that the property would be sold for all cash above the mortgage. Acting pursuant to the multiple listing agreement, Adrienne Realty, Inc., procured a purchaser who was willing to purchase but would not assume the mortgage. A deposit receipt contract was prepared by Adrienne Realty which provided that the property would be sold subject to the outstanding mortgage. The Falovitches, who were then residing in Canada, were informed by telephone that a purchaser had been procured who would purchase in accordance with the multiple listing agreement. The deposit receipt contract was forwarded to Canada and signed by the Falovitches. The prospective purchasers, upon discovering that they could not purchase the property without assuming the mortgage, declined to close the deal and demanded the return of their deposit. The testimony taken before the court without a jury disclosed that at the time of the taking of the multiple listing, the agent who procured the listing understood that the mortgage was to be assumed. The evidence also reveals that at the time the deposit receipt contract was submitted to the Falovitches, there was no explanation to them that the mortgage would not be assumed. It seems clear from the evidence that the Falovitches were ignorant as to the difference between "subject to" and "assumed" as used in the purchase and sale of property regarding mortgages. It is also clear that neither the real estate brokers or their agents made any effort to ascertain the status of the mortgage as to whether the property could be sold without an assumption of the mortgage.
A broker, to be entitled to a commission upon a sale that is not consummated, may recover upon proof that he has presented a purchaser ready, willing and able to purchase under the terms of the listing agreement. See Walker v. Chancey, 96 Fla. 82, 117 So. 705 (1928); and Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384 (1945). It conclusively appears from the evidence in this case that Adrienne Realty, Inc., did not present a purchaser in accordance with the terms of the listing agreement because although not expressed in the listing agreement, it is the undisputed testimony of the agent who procured the listing agreement and of the Falovitches that the mortgage was to be assumed. We, therefore, hold that the trial judge's finding that Adrienne Realty, Inc., procured a purchaser ready, willing and able to purchase in accordance with the terms of the listing is not supported by competent evidence.
A real estate broker is a professional person employed to use his professional knowledge in the service of his client, and in the performance of this duty is held to the standards of a person occupying a confidential relationship with his employer. See Lalow v. Codomo, 101 So.2d 390 (Fla. 1958). See also Hershey v. Keyes Company, 209 So.2d 240 (Fla. 3d DCA 1968). Real estate brokers are empowered to draw certain contracts for their employers even though they are not attorneys at law. See Keyes Co. v. Dade County Bar Association, 46 So.2d 605 (Fla. 1950). In order to be entitled to remuneration for his services, a real estate broker must exercise ordinary diligence in preparing a contract so that it expresses the true intent and purposes of his employer. In the instance before us, it is clear that there was a failure of both the listing agreement and the deposit receipt agreement to encompass the terms and conditions under which the Falovitches were willing to sell their home. Therefore, having failed to present a deposit receipt contract which met the terms and conditions of the agreement to list, Adrienne Realty, Inc., has failed to present a purchaser ready, willing and able to purchase under the terms of the listing. The fact that the listing prepared by another real estate broker was vague and incomplete does not excuse Adrienne Realty from its duty to ascertain the true terms and conditions under which the property was listed, and having failed to do so, it misrepresented to the sellers the legal effect of the deposit receipt agreement when they made the representation that the deposit receipt contract was in accordance with the listing agreement.
*842 We, therefore, hold that the judgment upon Adrienne Realty's counterclaim must be reversed. Inasmuch as the prospective purchasers have recovered their deposit in full, the Falovitches cannot recover upon their counterclaim for a portion of that deposit. Thereupon, the judgment is affirmed in part as to the denial of the counterclaim by the appellants Falovitch, and is reversed as to the judgment upon Adrienne Realty's claim for a commission for having procured a purchaser ready, willing and able to purchase.
Affirmed in part and reversed in part.