HOBSON, Acting Chief Judge.
Paul and Pauline Johnson appeal the dismissal with prejudice of their action seeking declaratory judgment. We reverse.
The Johnsons are assignees of a long-term lease on a mobile home park lot. An eight-foot wide mobile home was located on the lot when the Johnsons took possession and was included in the assignment of the lease.
Appellee Royal Garden Estates, Inc. owns and operates the mobile home park. Sometime after the Johnsons moved into the park, appellee imposed a rule requiring the removal from the park of eight-foot wide mobile homes after sale.
The rule was enacted pursuant to a master lease recorded in the county records and applying to each of the tenants in the park. The provision of the master lease which purportedly gives appellee the right to impose the rule provides:
C. That the Management shall have the complete and absolute authority, to the exclusion of any other provision contained hereinafter in this Indenture of Lease, by rules and regulations to restrict and regulate the following:

3. The size, width and length, type or model, make or year of make, of any mobile home or trailer, structure or cabana to be placed on said sites.
The Johnsons had a contract to sell their interest in their lot and mobile home, but they realized that the presence of the rule requiring the removal of all eight-foot wide mobile homes after sale would on its face require any buyer to remove the mobile home. Therefore, the Johnsons instituted the instant action seeking an injunction and a declaratory judgment determining the validity of the rule. They alleged that they were in doubt as to their rights under the rule, especially in view of Florida Statute 83.765 (1977) which provides:
No mobile home park shall make or enforce any rule which shall deny or abridge the right of any resident of such mobile home park or any owner of a mobile home located in such park to sell said mobile home within the park or which shall require the resident or owner to remove the mobile home from the park solely on the basis of the sale thereof.
Upon appellee’s motion, the court dismissed the complaint without prejudice to amend.
The complaint was amended and again dismissed, this time with prejudice, apparently on the basis that it did not state a *579 cause of action for declaratory judgment. We find that the complaint does state a cause of action. Section 86.011, Florida Statutes (1977), grants broad jurisdiction to the circuit court to render declaratory judgments as to rights, status or other legal relations and as to the facts upon which a privilege or right may exist. Section 86.021 provides for a declaration of rights under an instrument in writing. The master lease and rules promulgated pursuant thereto are certainly instruments in writing and the relief sought by the Johnsons’ complaint clearly falls squarely within the ambit of the aforementioned statutes.
Accordingly, the order appealed from is reversed and the case is remanded for further proceedings consistent with this opinion.
BOARDMAN and DANAHY, JJ., concur.