418 So.2d 1068 (1982)
Marion W. BOWERS and Sandra Bowers, His Wife, Appellants,
v.
Fernando A. MEDINA and Mirna Medina, His Wife, Appellee.
No. 81-2758.
District Court of Appeal of Florida, Third District.
August 3, 1982.
Rehearing Denied September 24, 1982.
*1069 Herman T. Isis, Coral Gables, for appellants.
Stabinski & Funt and Christina de Oliveira, Miami, for appellees.
Before BARKDULL, DANIEL S. PEARSON, and FERGUSON, JJ.
FERGUSON, Judge.
Appellants bring this appeal from a Final Judgment ordering specific performance of a contract to sell their residential home for $45,000.00. By terms of the contract appellee-purchasers were to pay a deposit of $4,500.00 and obtain a FHA mortgage loan for the balance of $40,500.00. Appellees paid the deposit but were prevented by appellants from performing their remaining obligation; appellants refused to make the property available for the appraisal which was a prerequisite to the FHA loan commitment.[1]
An established contract principle is that a party's good-faith cooperation is an implied condition precedent to performance of the contract; where that cooperation is withheld, the recalcitrant party is estopped from availing himself of his own wrong doing. Holston v. Bernal, 407 So.2d 332 (Fla. 3d DCA 1982); Fernandez v. Vasquez, 397 So.2d 1171 (Fla. 3d DCA 1981); Waters v. Key Colony East, Inc., 345 So.2d 367 (Fla. 3d DCA 1977).
The trial court was also correct in rejecting the defense that without the funds to pay the full purchase amount appellees were not ready, willing and able buyers. In equity the requirement of a tender of purchase money means a readiness, willingness, and ability in good faith to perform the acts required by terms of the agreement provided the other party will concurrently do the things which he is required by the contract to do, and notice by the former to the latter of such readiness, willingness and ability. Martin v. Albee, 93 Fla. 941, 113 So. 415 (1927); 330 Michigan Avenue, Inc. v. Cambridge Hotel, Inc., 183 So.2d 725 (Fla. 3d DCA 1966). Appellees had continually asserted a readiness, willingness and ability to obtain the loan required by the contract.
Appellant's remaining points are without merit.
Affirmed.
NOTES
[1] Appellees had previously obtained a firm FHA commitment which expired while appellants were in litigation to remove an encumbrance on title.