FERGUSON, Judge.
Appellant, A.J. Larrea, owned a building which he sold to appellee, Kina Investments, Inc. By terms of the sales contract Kina assumed a first mortgage to National Title Insurance.[1] The parties executed a second mortgage in the amount of $192,-373.73 with two addenda.[2] The sales contract terms, written by Kina’s attorney, were agreed to after several hours of negotiations between Larrea, without an attorney, and Kina’s president and legal counsel. The controversy stems from the trial court’s construction of Addendum No. 2. Addendum No. 2 purported to give Kina some protection in the event that the principal tenant, Unicare, Inc., vacated the premises. Some four months after the purchase and sale contract was executed, Unicare defaulted on the lease. Approximately six months later, Kina evicted Unicare and undertook substantial renovations and improvements so as to attract new tenants. After the renovations were completed, new tenants were found.[3]
Kina instituted suit against Larrea for “Cancellation of Mortgage and Note, Or In The Alternative, For Declaratory Relief,” seeking to reduce the amount due under the second mortgage by crediting (1) all the remodeling and renovation expenses, and (2) the excess of first mortgage payments over rent received during the period of Unicare’s vacancy in a minimum amount of $90,000. Larrea counterclaimed for foreclosure based on Kina’s default under the mortgage.
After a non-jury trial the court entered a final judgment which (1) awarded Kina $138,265.32 for remodeling and renovation expenses made “necessary” by Unicare’s departure, (2) awarded damages to Kina in the amount of $375,081.16 on a determination that Addendum No. 2 was a rental guarantee, (3) gave Larrea “a credit for the full principal amount of the second mortgage in the amount of $192,373.73,” and (4) found that Unicare owed $65,505 in rental arrearages but awarded that amount to Larrea as a credit against amounts owed to Kina on a further finding that Kina waived the right to recover that amount from Uni-care by failing to mitigate its damages. Final judgment was entered for Kina in the amount of $255,467.75.[4]
Larrea contends here that (1) Addendum No. 2 is not a rental guarantee, (2) Kina’s eviction of the major tenant, Unicare, and Kina’s rejection of his plan to recover rental arrearages secured by Unicare’s accounts receivables harmed his interests and therefore relieved him of the “income guarantee” obligation to grant a credit against *1257 the $90,000 due in 1987,[5] or, in the alternative, if Kina is found to have not harmed Larrea’s interest, Kina is at the most entitled to a credit against the $90,000 for the $65,505 in rent arrearages, (3) the costs for “remodeling and renovation” expenses greatly exceeded costs made necessary in restoring the building to its original condition for use by multiple tenants, and (4) insufficient credits were found by the court to justify cancellation of Larrea’s second mortgage.
By cross-appeal Kina challenges the trial court’s finding that Larrea is entitled to a credit for rental arrearages.
From the face of the agreement and the uncontroverted testimony of both sides we agree with appellant that no “rental guarantee” was intended. Contemplating the specific contingency that Unieare might vacate the premises, it was agreed that (1) during the period of such vacancy, interest payments would be deferred, (2) Seller and Buyer would work together to remodel the premises and obtain new leases, and (3) the Buyer would be allowed, as a credit against the $90,000 lump sum payment due January 1, 1987, the amount of payments made to the first mortgagee less rentals received. The only sensible interpretation of the contract is that to the extent that Kina has a net income less than that provided in Addendum No. I,[6] and the diminishment is not occasioned by acts of Kina, then Kina is entitled to offset that proven loss against the $90,000 lump sum it is obligated to pay Larrea on January 1,1987. The court obviously gave Larrea a credit for the $65,505 in “rental arrearages” occasioned by Kina’s bad faith dealings because it had already found, erroneously, that Kina was entitled to $375,081.16 in “rental guarantees.” Since there was no guarantee of rents, Kina’s sole remedy would have been a credit against the $90,000 future lump-sum payment on Larrea’s second mortgage, which is all that Kina sought by the complaint.
However, the trial court made a finding, which is supported by the evidence, that $65,505 in lost rentals was occasioned by acts of Kina, particularly its bad faith in dealing with Larrea in an effort to mitigate losses caused by Unicare’s default. A party’s good faith cooperation is an implied condition precedent to performance of a contract. Where that cooperation is unreasonably withheld, the recalcitrant party is estopped from availing itself of its own wrongdoing. Bowers v. Medina, 418 So.2d 1068 (Fla. 3d DCA 1982); Fernandez v. Vazquez, 397 So.2d 1171 (Fla. 3d DCA 1981).
Appellee admits that the two findings, i.e., that Kina’s loss of net income was caused by Kina, and that Larrea’s second mortgage should be cancelled, are inconsistent. For the same reasons that Addendum No. 2 is not a rental guarantee and that Kina is to blame for its loss of income, there is no basis for cancellation of appellant’s second mortgage. Further, appellant makes the perfectly sensible argument that the provision in Addendum No. 2 for a credit against the $90,000 future obligation is also a limitation on Larrea’s liability for lost rental income, which precludes cancellation of the entire second mortgage.
The trial court’s finding that $138,-265.32 was a reasonable amount for improvements and renovations “necessary” to restore the building to multiple tenancy use after Unicare’s vacation of the premises is not supported by substantial competent evidence. On remand, the court should consider in its award only those costs incident to restoring the building to its original condition as was contemplated by the parties.
The judgment is reversed insofar as it makes an award of $138,265.32 to Kina for *1258 costs incurred in remodeling and renovating the building, cancels appellant’s second mortgage, and otherwise makes an award of damages- for rental guarantees.[7] We affirm the trial court’s finding that the loss in net rental income was caused by Kina’s bad faith dealing, the thrust of Kina’s cross-appeal.
Reversed and remanded for further proceedings.

. The first mortgage is current and not involved in the litigation.

. The agreement is in two parts: The monthly payments commenced January 1, 1977, at 8% interest per annum for the first ten years with a balloon payment of $90,000 due and payable on January 1, 1987. Payments were then to commence on the remaining unpaid balance of $80,-000, at 8% interest for a five-year period.

. The new tenants were charged higher per square foot rental than was Unicare, resulting in greater annual rental income.

. The trial court orally pronounced a judgment for $260,081.17, arrived at by subtracting the balance of the mortgage, $192,373.73, from the total rents Unicare would have paid between the time it was evicted and the time the building was re-rented, $452,455.00.

. Addendum No. 2 entitled Kina to a credit against the balloon payment of $90,000 due in 1987, in an amount equal to the excess of payments made on the first mortgage over rentals received for the period from the time Unicare vacated to the time the building was re-rented.

. Addendum No. 1 contains a chart listing the monthly and annual net cash income which Kina could expect from 1976-1986. The monthly net income was computed by subtracting the monthly first mortgage payment from the monthly rent income.

. In light of the determination that there was no rental guarantee as a matter of law, it is unnecessary to dwell on the issue raised by appellant that the court awarded damages for which no claim was made. See Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA), rev. denied, 392 So.2d 1373 (Fla.1980) (plaintiff in replevin action was not entitled to money damages where such a claim was neither raised in the pleadings nor tried by express or implied consent).