UPCHURCH, Chief Judge.
Ruth Thollander, Marian Siler, Edna Roth and Mitzi Lanier, the sellers, appeal a judgment ordering them to convey their property to appellee, J.R. Coomes, the buyer, and ordering them to pay a brokerage commission to appellee All Pro Realty Service, Inc.
The record reflects that Coomes contacted All Pro Realty to locate suitable property for his business. All Pro eventually found property in which Ruth Thollander had a life estate and her daughters, Marian Siler, Edna Roth, and Mitzi Lanier, had remainder interests. All Pro prepared a contract which they successfully contended below was accepted by the sellers.
This contract listed “Ruth Thollander and or assigns” as seller and “J.R. Coomes and or assigns” as buyer. The contract was signed by Coomes as buyer and Mrs. Thollander and her two daughters, Marian Siler and Edna Roth. Mrs. Lanier did not sign the agreement. A brokerage fee provision at the bottom of the contract was signed by All Pro Realty and by Mrs. Thol-lander and Mrs. Siler. This provision provided as follows:
BROKERAGE FEE: Seller agrees to pay the registered real estate Broker named below, at time of closing, from the disbursements of the proceeds of sale, compensation in the amount of 5% of gross purchase price of $_, for his services in effecting the sale by finding a Buyer, ready, willing and able to purchase pursuant to the foregoing Contract. In the event Buyer fails to perform and deposits) is retained, 50% thereof, but not exceeding the Broker’s fee above computed, shall be paid to the Broker, as full consideration for Broker’s services including costs expended by Broker, and the balance shall be paid to Seller. If the transaction shall not be closed because of refusal or failure of Seller to perform, the Seller shall pay said fee in full to Broker on demand.
The property had not been previously listed with All Pro Realty. Mrs. Thollan-der had a power of attorney for Mrs. Lanier, but she signed the agreement only once and did not indicate that she was signing as attorney-in-fact for Mrs. Lanier.
The court below ordered specific performance of the contract and entered judg *333 ment for the brokerage fee. We conclude there was no contract and reverse.
Under section 725.01, Florida Statutes (1983), no action shall be brought to charge a defendant upon any contract unless the agreement upon which the action is brought is in writing and is signed by the defendant or some other person lawfully authorized by him. Here, Mrs. Thollander testified that she had a life estate in the property and that her three daughters had remainder interests. Thus it was necessary for all four to agree to a sale of the property. All Pro itself admitted all four signatures were needed on the contract. Because all the parties having an interest in the property did not execute the contract, the court erred in ordering the sellers to convey the property in accordance with the contract.
Coomes and All Pro, however, claim that all four signatures were not needed because the daughters had given their mother power of attorney with regard to the property and the mother had signed the contract. This argument is without merit. First, the three daughters had given their mother power of attorney in 1971 but the powers were cancelled prior to execution of the contract. Second, the mother simply signed her name on the contract and there was no indication that she was signing as attorney-in-fact for Mrs. Lanier. There was no testimony that the mother was holding herself out as having the authority to sign on behalf of Mrs. Lanier. In fact, there was considerable testimony that it had been necessary to mail the contract to Mrs. Roth who lived in California. Finally, All Pro conceded that it did not know about the powers of attorney until after the sellers allegedly reneged on the deal. Hence Coomes and All Pro could not have relied on the mother’s signature as binding Mrs. Lanier at the signing of the contract since they did not know about it at the time.
Coomes and All Pro also argue that they are entitled to enforcement of the contract because of the wrongdoing of the sellers. In support, Coomes and All Pro cite Bowers v. Medina, 418 So.2d 1068 (Fla. 3d DCA 1982) where the court held as follows:
An established contract principle is that a party’s good-faith cooperation is an implied condition precedent to performance of the contract; where that cooperation is withheld, the recalcitrant party is estopped from availing himself of his own wrongdoing.
418 So.2d at 1069.
Here Coomes and All Pro claim that Mrs. Thollander and Mrs. Siler thwarted their efforts to find Mrs. Lanier to get her signature on the contract. The court below made no findings of fact in its judgment. However, even if the court had found that Mrs. Thollander and Mrs. Siler had thwarted All Pro’s efforts to get Mrs. Lanier’s signature, this is not sufficient to bind Mrs. Lanier to the contract. Here, unlike the situation in Bowers, the ability to close was not necessarily within the power of the mother and daughters. Mrs. Lanier was under no duty to sell her interest and did not have to do so even if all the other interested parties were urging her to do so. See Future Realty, Inc. v. Wigdor, 421 So.2d 536 (Fla. 3d DCA 1982). While Coomes and All Pro might have sought damages against those who signed and were bound by the agreement because of their alleged interference or wrongdoing, they did not elect that remedy nor did they seek performance of the contract by those who did sign it, obviously because clear title could not be conveyed without the agreement of all who owned an interest.
The judgment is also reversed as to the brokerage fee. The language of the agreement provided that the fee would be paid from the proceeds of closing and the transaction did not close.
REVERSED.
SHARP and COWART, JJ., concur.