PER CURIAM.
This is a consolidated appeal from (1) a final declaratory decree involving the interpretation of a sublease provision in a commercial lease agreement, and (2) a final summary judgment in favor of the defendant lessor in an action for breach of the aforesaid lease agreement. We affirm the final declaratory decree, but reverse the final summary judgment based on the following briefly stated legal analysis.
First, the trial court was eminently correct in concluding that (a) the sublease provision of the lease agreement between the parties allows the lessee, Stinson, Lyons and Schuette, P.A., to sublease a portion of the demised premises in accord with the long-standing practice of the parties, see Lalow v. Codomo, 101 So.2d 390, 393 (Fla.1958); City of Miami v. Florida Power & Light Co., 180 So.2d 344, 346 (Fla. 3d DCA 1965), cert. denied, 188 So.2d 814 (Fla.1966); (b) the lessor, 1401 Brickell Associates, Ltd., unreasonably withheld its consent to the two proposed subleases of portions of the demised premises, Fernandez v. Vazquez, 397 So.2d 1171, 1174 (Fla. 3d DCA 1981); see Popovic v. Florida Mechanical Contractors, Inc., 358 So.2d 880, 884-85 (Fla. 2d DCA 1978); and (c) the said lessor could not exclude the two subtenants by refusing to approve the proposed reasonable sublease renovations. See Prestin v. Mobil Oil Corp., 741 F.2d 268, 272-73 (9th Cir.1984); Catalina, Inc. v. Biscayne Northeast Corp. of Fla., 296 So.2d 680, 582-83 (Fla. 3d DCA), cert. denied, 306 So.2d 123 (Fla.1974). We further find no error in the trial court’s clarification of its declaratory decree or in its refusal to rehear this modification. See Johnson v. Royal Garden Estates, Inc., 371 So.2d 577, 579 (Fla. 2d DCA 1979); Schwab & Co. v. Breezy Bay, Inc., 360 So.2d 117, 118 (Fla. 3d DCA 1978); Viking Superior Corp. v. W.T. Grant Co., 212 So.2d 331, 334 (Fla. 1st DCA 1968). We have not overlooked the lessor/appellant’s extensive arguments to the contrary, but conclude that such arguments cannot carry the day.
Second, the trial court erred, however, in entering final summary judgment in favor of the lessor on the lessee’s action for breach of the lease agreement. By unreasonably withholding consent to the proposed sublease herein, as ruled by the trial court in the declaratory decree, it is plain that (a) the lessor breached the subject lease agreement with the lessee, and (b) the lessee was entitled to reasonable consequential damages as a result of this breach. The mere filing of the declaratory decree action cannot insulate the lessor from an otherwise valid breach of contract claim herein. See Fernandez, 397 So.2d at 1174; Catalina v. Biscayne Northeast Corp. of Fla., 296 So.2d 580, 582 (Fla. 3d DCA), cert. denied, 306 So.2d 123 (Fla. 1974); Ennis v. Warm Mineral Springs, Inc., 203 So.2d 514, 517 (Fla. 2d DCA 1967), cert. denied, 210 So.2d 870 (Fla.1968).
The final declaratory decree under review is affirmed; the final summary judgment under review is reversed and remanded for further proceedings.
Affirmed in part; reversed in part and remanded.