PER CURIAM.
The defendants appeal a money judgment entered in favor of the Department of Environmental Resources of Metropolitan Dade County in the sum of $10,000 based upon the legal determination that defendants had illegally cut the mangroves on a lot (referred to as Lot 4) which they owned at Mashta Point, Key Biscayne.
Under the applicable provisions of the code, it is not the cutting of mangroves, per se, that is denounced; instead, it is the cutting or trimming of mangroves, without a permit, in coastal wetlands or coastal band community which is prohibited. See Dade County Code §§ 24-58(1), 24-58.16 (1992). A coastal wetlands area is an area where plant life is dominated by one or more of a number of enumerated vegetational species including white, red, and black mangroves and/or which is subject to stated periods of inundation or saturation. See Dade County Code § 24-3(12) (1992). A coastal band community is defined by the code as a mangrove community which borders Biscayne Bay or one of the tributaries of Biscayne Bay and which receives frequent tidal inundation and whose dominant floral constituent is mature red mangroves. Dade County Code § 24-3(78) (1992).
The trial court made the following explicit findings of fact which provided, inter alia:
Although there was testimony that Lot 4 of Mashta Point is located in an area that is considered to be both coastal wetlands and a coastal band community, Dade County failed to provide any factual basis for these conclusory allegations. There is no evidence that mangroves dominant [sic] the plant life on Lot 4, and no evidence that red mangroves are the most prevalent type of mangrove on Lot 4. In fact, the evidence is to the contrary. Consequently, Dade County has failed to prove that the alleged violations occurred in a coastal wetlands area or in a coastal band community.[1]
*469 Where explicit findings of fact are wholly inconsistent with a given judgment, and a different legal effect is placed upon such evidence, an appellate court has no alternative other than to reverse the júdgment. See Holland v. Gross, 89 So.2d 255, 258 (Fla.1956) (“When ... the trial court has misapplied the law to the established facts, then the decision is ‘clearly erroneous’ and the appellate court will reverse because the trial court has ‘failed to give legal effect to the evidence’ in its entirety”); Dixson v. Kattel, 311 So.2d 827, 828 (Fla. 3d DCA 1975); Catalina, Inc. v. Biscayne Northeast Corp. of Florida, 296 So.2d 580 (Fla. 3d DCA), cert. denied, 306 So.2d 123 (Fla.1974). Here, the explicit findings of the trial court demonstrate that any mangroves cut or trimmed by the Co-tos were not within coastal wetlands or a coastal band community, and thus, the defendants’ actions could not constitute a violation of the code sections cited. Stated differently, the trial court’s explicit finding of no violation exculpates the Cotos from any legal responsibility as a matter of law. For this reason, the judgment under review is reversed with directions to dismiss the amended complaint.
Reversed and remanded.

. Of the twenty-four mangrove violations alleged at trial, only six involve red mangroves. Further, only one red mangrove and one white mangrove tree are located on the property of Carlos and Marian Coto (the Cotos).