GROSS, Justice,
dissenting.
Waterfront Properties, Inc. had a listing for a lot on Jupiter Island which had expired by early July, 1992. Nonetheless, Waterfront continued to list the lot in the Multiple Listing Service (MLS). Coast to Coast Properties, Inc. had clients, the Millers, who were interested in purchasing a waterfront lot. In mid July, Coast’s broker contacted Waterfront to ask about waterfront properties. The broker stopped by Waterfront’s office and a Waterfront employee gave him a brochure describing the Jupiter property. Although he had not seen the MLS listing on the lot, Coast’s broker understood that once he received the flyer from Waterfront, he would expect to share a commission with Waterfront if his efforts procured the sale of the lot. Coast’s broker showed the Millers the Jupiter lot. When they returned to inspect the property with their architect, the Millers met the owner, who informed them that the lot was not listed with any broker. Ultimately, the Millers bought the lot directly from the owner, who paid no real estate commission.
Both brokers sued to recover commissions. Coast pled contract theories against Waterfront. The trial court held that the owner and the Millers were not liable to anyone and that Coast was entitled to recover a three percent commission from Waterfront. The evidence does not support Coast’s recovery from Waterfront on contract theories. There was no express contract between the parties. A contract implied in fact cannot be stretched over the facts of this case to allow recovery. In simple terms, the implied contract which arose from the parties’ limited interaction was “If Waterfront receives a commission on the sale of the Jupiter lot to the Millers, Coast is entitled to 60% of it.” Nothing in the evidence can be construed to imply a contractual term that Waterfront would guarantee Coast a commission on any sale to the Millers, even where Waterfront received no commission. Such allocation of risk was properly the subject of negotiation between the parties to define the terms of their relationship. To allow Coast to recover from Waterfront is to base recovery on concepts of relative fault, a tort notion which *49 was not pled and wMch should not control in a contract setting.
I do not find that promissory estoppel can support recovery for two reasons. First, there is no express or clearly implied “promise” which induced action on the part of Coast; second, the loss here is not the type of injustice which invocation of the doctrine seeks- to avoid. W.R. Grace and Co. v. Geodata Services, Inc., 547 So.2d 919 (Fla.1989)(elements of promissory estoppel). Walker v. Chancey, 96 Fla. 82, 117 So. 705 (1928), relied on by Coast, is also inapposite. There the supreme court held that a party could not avoid contractual liability by preventing or making impossible the “performance or happening” of a condition precedent. This case does not involve a knowing attempt to avoid liability, but only a careless failure to track the expiration date of a listing. It is for the parties to negotiate the risks and scope of their undertaking, not for the law to imply contractual obligations by later allocating fault.