NESBITT, J.
Melvin Johnson, a security specialist with the Department of Children and Families at the South Florida State Hospital, appeals an order of the Public Employees Relations Commission (PERC), based upon a hearing officer’s findings, concluding that Johnson’s dismissal from his employment was warranted. Finding fault with the hearing officer’s conclusion, we reverse.
Johnson was dismissed from his employment with the Department following an incident where Johnson had another security guard stand in for him during the last two hours of Johnson’s eight-hour shift on May 15, 1998. Johnson had' been called home for a family emergency, and had arranged for another guard, Officer Julio Perez, to cover for him from 5:00 am until 7:00 am, privately agreeing to pay Perez for his trouble. The principal charge brought against Johnson by the Department was that he submitted a falsified time sheet for the date in question, which indicated that he had worked the full eight-hour shift, and that this falsification constituted an intentional fraud against the Department. We need only discuss the principal charge brought against Johnson, because we consider the other charges added by the Department to be dependant and derivative of the principal charge.
By the hearing officer’s own findings (adopted by PERC), “Johnson was not attempting to deceive the Agency when he submitted his time sheet and ... thus was not attempting to conceal the fact that he did not work [the hours in question].” This finding was supported by the undisputed fact that Johnson had informed his supervisor of the stand-in situation shortly after it occurred and before the time sheet was submitted. Everyone concerned knew that Johnson did not work those two hours on May 15. Thus, we agree with the hearing officer that there was no attempt to deceive.
We do not agree with the hearing officer’s inconsistent finding that, although there was no intent to deceive, Johnson’s actions were an “attempt to defraud.” We do not see the distinction between “intent to deceive” and “intent to defraud.” The second finding of “intent to defraud”— which caused Johnson’s dismissal — was inconsistent with the finding that Johnson had not intended to deceive the Department and was, therefore, unwarranted. “Where explicit findings of fact are wholly inconsistent with a given judgment ... an appellate court has no alternative other than to reverse the judgment.” Coto v. Renfrow, 616 So.2d 467, 469 (Fla. 3d DCA 1993). Johnson told his supervisor of the arrangement he had made with Officer Perez to stand in for him; there was no attempt to deceive or defraud the Department.
For the aforementioned reasons, we reverse PERC’s order and remand for Johnson’s reinstatement to his former position with the Department, including back pay and reinstatement of benefits.
Further, pursuant to section 447.504(3), Florida Statutes (1997), we find that an award of appellate attorneys’ fees to Johnson is called for. As the non-prevailing party, the Department shall pay these fees. Therefore, following the rationale of Cheung v. Executive China Doral, Inc., 638 So.2d 82, 84 (Fla. 3d DCA 1994), we will appoint (by a separate order) a Miami-Dade County Judge to act as a commissioner for this Court to conduct a hearing in order to determine an appropriate amount for Johnson’s appellate attorneys’ fees in this matter.