949 So.2d 1199 (2007)
PL LAKE WORTH CORP., as general partner of Philips Lake Worth L.P., Appellant,
v.
99CENT STUFF-PALM SPRINGS, LLC, Appellee.
No. 4D06-1541.
District Court of Appeal of Florida, Fourth District.
March 7, 2007.
*1200 Richard M. Bales, Jr. of Bales Sommers & Klein, P.A., Miami, for appellant.
Ronald M. Gache and Scott A. Simon of Broad and Cassel, West Palm Beach, for appellee.
KLEIN, J.
Appellant, the owner of a shopping center, leased space to the appellee, 99Cent, at a square foot rate which did not include common area expenses or real estate taxes for five years. It also gave 99Cent several options to renew for five years at a specified base rent, plus unspecified common area maintenance and taxes. Months before it came time to exercise the option, 99Cent asked the owner for, but was refused, information as to the estimated charges for maintenance and taxes. 99Cent ultimately exercised the option when it finally received the information, but this was after the time to exercise had expired. In this lawsuit the trial court found in favor of 99Cent, because the owner, in refusing to supply the information, had breached an implied duty of good faith. We affirm.
In 2000, when the five year lease was executed, the property was in distress, and 99Cent was able to negotiate a very favorable rate of six dollars a square foot with no common area maintenance or real estate taxes. The lease provided 99Cent with options to renew for three successive five year periods at a base rent of four dollars a square foot, plus unspecified common area maintenance and taxes. In order to exercise the option 99Cent was required to give written notice to the owner by November 2, 2005.
During the summer of 2005, 99Cent requested, on more than one occasion, information from the owner as to what the estimated maintenance expenses and real estate taxes would be in 2006. Although the owner initially said it would supply the information, it never did, and testified at trial that it refused to provide the estimated 2006 information because the lease did not require it to do so.
99Cent did not exercise the option by the deadline of November 2, 2005, because it had not yet received the information, and the owner filed this action seeking a declaratory judgment that the option had expired and that 99Cent was required to vacate as of April 30, 2006. 99Cent defended on the basis that the owner had breached an implied good faith duty to provide 99Cent with the information it needed in order to determine whether it should exercise the option. It sought declaratory and injunctive relief in order to *1201 obtain the information and have the opportunity to exercise the option. Within hours after the owner disclosed the maintenance and tax information pursuant to court order, 99Cent exercised its option to renew on February 3, 2006.
After a nonjury trial, the court found that the owner had breached an implied duty of good faith, when it refused to give 99Cent the information 99Cent needed in order to make an informed decision to exercise its option to renew. The court relied on Sharp v. Williams, 141 Fla. 1, 192 So. 476, 480 (1939):
When a party stipulates that another shall do a certain thing, he thereby impliedly promises that he will himself do nothing which will hinder or obstruct that other in doing that thing; and indeed if the situation is such that the cooperation of one party is an essential prerequisite to performance by the other, there is not only a condition implied in fact qualifying the promise of the latter, but also an implied promise by the former to give the necessary cooperation. . . .
Prevention or hindrance by a party to a contract of any occurrence or performance requisite under the contract for the creation or continuance of a right in favor of the other party, or the discharge of a duty by him, is a breach of contract. [citations omitted.]
The owner's argument is simply that, because the contract did not require the owner to furnish the information, there was no duty to do so. This argument of course ignores that there can be an implied duty to cooperate, which our supreme court recognized in Sharp, and which is explained more thoroughly by Judge Van Nortwick in his comprehensive opinion in Cox v. CSX Intermodal, Inc., 732 So.2d 1092 (Fla. 1st DCA 1999).
An analogous situation was presented in Bowers v. Medina, 418 So.2d 1068 (Fla. 3d DCA 1982), in which a contract for the sale of a residence required the purchasers to obtain a mortgage loan for a specific amount. The owners, however, refused to make the property available for the appraisal, which was necessary for the purchaser to obtain the loan commitment. The trial court found that the owners had breached a good faith duty of cooperation by refusing to permit the appraisal, and the third district affirmed stating:
An established contract principle is that a party's good-faith cooperation is an implied condition precedent to performance of the contract; where that cooperation is withheld, the recalcitrant party is estopped from availing himself of his own wrong doing.
Id. at 1069.
The owner's argument that the implied covenant of good faith cannot be used to vary the express terms of a contract, City of Riviera Beach v. John's Towing, 691 So.2d 519 (Fla. 4th DCA 1997), is correct but misplaced in this case. If the lease had expressly provided that the owner was not responsible to furnish the information in dispute, the owner would have a point. In this case, however, the lease was silent, and the finding by the trial court that the owner had an implied duty to furnish this information, so that 99Cent could make an informed decision as to whether to exercise the option, is supported by the evidence and the law.
Affirmed.
STEVENSON, C.J., and SHAHOOD, J., concur.