SUAREZ, J.
United States Development, Ltd. (“U.S. Development”), appeals a final judgment in favor of Jones College and an award of attorney’s fees and costs in a suit for constructive eviction and breach of contract brought by Jones College. The suit arises under a lease between the developer, U.S. Development, and the tenant, Jones College, for space which was to be used by Jones College for college classrooms and facilities. The main point on appeal is whether the trial court erred in disallowing the admission of certain letters into evidence which U.S. Development argues proved its counterclaim for anticipatory breach of the lease by Jones College. We find that the trial court did not err in excluding the letters from evidence and, therefore, affirm the final judgment and award of attorney’s fees and costs.
In May of 1998, U.S. Development and Jones College entered into a lease for 8000 square feet of space in a commercial shopping center built by U.S. Development to be used by Jones College for classrooms. Under the terms of the lease, U.S. Development was required to build an exterior portion of a wall to separate the Jones College space from the remaining space.[1] The lease provided that once U.S. Devel *595 opment had completed the wall and other construction, Jones College was to build out the remainder of the demising wall and occupy the space. As agreed, a construction permit for the interior portion of the demising wall was applied for by Jones College in November of 1998. Prior to the issuance of the permit and before any work on the demising wall had commenced, U.S. Development rented to the next-door tenant, Zone Fitness, the entire 8000 square feet of space for the purpose of extending Zone Fitness’s already existing gym. Although Jones College demanded access to the space to begin construction after the permit was issued, U.S. Development neither requested Zone Fitness to move nor commenced construction of the exterior wall. Jones College then brought this suit alleging constructive eviction and breach of contract. U.S. Development counterclaimed alleging anticipatory breach of contract by Jones College.
Diming trial, U.S. Development attempted to introduce two letters sent by U.S. Development to Jones College (after allowing Zone Fitness to occupy and remain in the Jones College space) requesting confirmation that Jones College was still interested in the space. U.S. Development contends on appeal that the letters served the purpose of showing an anticipatory breach of the lease by Jones College because of Jones College’s non-response.
The trial court excluded the introduction of the letters into evidence. The trial judge found that, prior to U.S. Development sending the letters, it allowed another tenant, Zone Fitness, to occupy the leased premises and took no steps to remove Zone Fitness from Jones College’s space although Jones College’s contractor obtained the permit and wanted to commence work. The lower court found that this conduct by U.S. Development constituted a constructive eviction and a breach of contract as well as an implied breach of good faith. The trial judge awarded damages including prejudgment interest and attorney’s fees and costs in favor of Jones College.
The issue on appeal, whether the trial court properly excluded letters which U.S. Development contends show Jones College’s anticipatory breach of the lease, is subject to an abuse of discretion standard. See Dorsett v. State, 944 So.2d 1207 (Fla. 3d DCA 2006). The trial court’s findings in this non-jury trial are given the weight of a jury verdict and will not be disturbed on appeal unless there is no substantial evidence to support them. See Leeb v. Read, 190 So.2d 830 (Fla. 3d DCA 1966). We find that there was no abuse of discretion in the trial court’s exclusion of the letters from evidence. U.S. Development’s letters to Jones College were not relevant to a counterclaim for anticipatory breach of contract. Despite demands by Jones College to occupy the space, as of the date of the letters, the actions of U.S. Development in allowing Zone Fitness to remain in the Jones College space, and its failure to commence construction on the demising wall constituted a constructive eviction and breach of contract. Because the constructive eviction and breach of contract occurred prior to the date of the letters, they were not relevant to the counterclaim of anticipatory breach. See Aberdeen Golf & Country Club v. Bliss Constr., Inc., 932 So.2d 235, 240 (Fla. 4th DCA 2005) (“It is settled contract law in Florida that a *596 breach ... allows the non-breaching party to terminate his own performance and bring litigation for damages.”). Substantial evidence supports this finding, and we therefore affirm the trial court’s exclusion of the letters from evidence and the final judgment, attorney’s fees and costs in favor of Jones College. See § 90.408, Fla. Stat. (2007); Sharp v. Williams, 141 Fla. 1, 192 So. 476 (1940); Alvarez v. Rendon, 953 So.2d 702 (Fla. 5th DCA 2007); PL Lake Worth Corp. v. 99Cent Stuff-Palm Springs, LLC, 949 So.2d 1199 (Fla. 4th DCA 2007) (holding landlord’s implied duty to cooperate breached by failure to cooperate); Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A., 938 So.2d 571 (Fla. 4th DCA 2006), review denied, 959 So.2d 718 (Fla.2007); cf. Gaylis v. Camin-is, 445 So.2d 1063 (Fla. 3d DCA 1984). See generally 23 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 63:30 (4th ed. 2002) (stating anticipatory repudiation of contract occurs before promissor has committed a breach).
Affirmed.

. The following work is to be done by LANDLORD at LANDLORD'S expense:
[[Image here]]

. BUILDING SHELL:
*595 LANDLORD shall provide the building shell of the DEMISED PREMISES in accordance with the following specifications:
(a) Frame: Structural steel or concrete frame.
(b) Walls: Construct rear wall of DEMISED PREMISES with exposed masonry and demising partitions of metal studs and diywall....